■ In the Matter of KATHLEEN ROBELOTTO, Appellant, v GREGORY BURCH et al., Respondents. (And Another Related Proceeding.) [661 NYS2d 104] —Per Curiam. Appeal from a judgment of the Supreme Court (Hughes, J.), entered August 8, 1997 in Albany County, which, *inter alia*, granted petitioner Gregory Burch's application, in a proceeding pursuant to Election Law § 16-102, to declare valid the designating petition naming Burch as the Democratic Party candidate for the office of President of the Common Council of the City of Albany in the September 9, 1997 primary election.

Gregory Burch, a respondent in the first proceeding and petitioner in the second, circulated a petition designating Burch as the Democratic Party candidate for the office of President of the Common Council of the City of Albany in the September 9, 1997 primary election. The filed designating petition contained the signatures of 102 voters who, although registered to vote at an address in the City or County of Albany, had moved to the address set forth on the designating petition without informing the Albany County Board of Elections of the change of address. In its ruling on various objections, the Board of Elections concluded, *inter alia*, that those 102 signatures should not be counted, leaving Burch with 76 less than the minimum requirement of 1,000 valid signatures (*see*, Election Law § 6-136 [2] [e]). These proceedings ensued. Concluding that the 102 signatures were valid despite the fact that the voters had moved without advising the Board of Elections, Supreme Court granted judgment validating Burch's designating petition and directing the Board of Elections to place his name on the ballot. Kathleen Robelotto, petitioner in the first proceeding and a respondent in the second, appeals.

We affirm. We are unpersuaded by Robelotto's central thesis that the controlling statutory provision is Election Law § 6-130, which requires that the sheets of a designating petition "set forth in every instance the name of the signer, his or her residence address, town or city * * * and the date when the signature is affixed". There was uncontradicted evidence before Supreme Court sufficient to support a finding that each of the challenged signers actually resided at the address set forth next to his or her signature and there is no argument that the designating petition otherwise failed to comply with the technical requirements of Election Law § 6-130. Robelotto's real argument is that the stated addresses were not "proper" because

they were not the addresses on file with the Board of Elections, raising the more substantive question of the signers' status as duly enrolled voters of the Democratic Party entitled to vote in the September 9, 1997 primary election (*see*, Election Law § 6-132 [1]). Under current law, an individual's qualification to vote is unaffected by a change of address within the jurisdiction of the board of elections with which the voter is registered, regardless of whether the board of elections receives advance notice of the change (Election Law § 5-208 [1]; *see*, NY Const, art II, § 6), and the record reveals that the subject signers' registrations had not been canceled (*see*, Election Law § 5-400 [1] [a]; § 5-402 [2]; *Matter of Rosado v Board of Elections*, 218 AD2d 584, *lv denied* 86 NY2d 704; *Matter of Hudson v Board of Elections*, 207 AD2d 508).

We have reviewed the remaining contentions and find them to be either academic or lacking in merit.

Mercure, J. P., White, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.