■ In the Matter of ROBIN L. LA BRAKE et al., Appellants, v RONALD J. DUKES et al., Respondents. [729 NYS2d 225] —Per Curiam. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered August 13, 2000 in Rensselaer County, which dismissed petitioners' application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petitions naming respondents Ronald J. Dukes and Theresa Franke as the Democratic Party candidates for the office of Member of the Troy City Council from the Second and Sixth Council Districts, respectively, in the September 11, 2001 primary election.

Petitioners commenced this proceeding pursuant to Election Law § 16-102 seeking to invalidate the designating petitions of

respondents Ronald J. Dukes and Theresa Franke (hereinafter collectively referred to as respondents), who are Democratic Party candidates for the office of Member of the Troy City Council from the Second and Sixth Council Districts. Petitioners assert that the designating petitions are defective because numerous signatures were witnessed by subscribing witnesses who resided outside the Second and Sixth Council Districts in violation of Election Law § 6-132 (2), which provides that the subscribing witness to a designating petition must be, *inter alia*, "a resident of the political subdivision in which the office or position is to be voted for." Respondents do not dispute the facts as they relate to the designating petitions; rather, they assert that the residency requirement for subscribing witnesses contained in Election Law § 6-132 (2) need not be adhered to because it violates the 1st Amendment and was declared unconstitutional by the United States Court of Appeals for the Second Circuit in *Lerman v Board of Elections* (232 F3d 135, *cert denied* 532 US —, 121 S Ct 2520). Supreme Court agreed and dismissed the petition. Petitioners appeal.

We agree with Supreme Court's adoption of the reasoning advanced by respondents and employed in *Lerman v Board of Elections* (*supra*) and hold that the witness residency requirement in Election Law § 6-132 (2) is unconstitutional on its face. Accordingly, inasmuch as the witness residency requirement contained in Election Law § 6-132 (2) "imposes a severe burden on political speech and association, the requirement must therefore be narrowly tailored to advance a compelling state interest in order to pass constitutional muster" (*Lerman v Board of Elections*, *supra*, at 149). We, therefore, find that Supreme Court's dismissal of the petition was proper.

Cardona, P. J., Mercure, Crew III, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.