OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, without costs.
 

 
 *914
 
 Appellants brought a proceeding pursuant to Election Law § 16-102 to declare invalid the designating petitions naming respondents Ronald J. Dukes and Theresa Franke as the Democratic Party candidates for the office of Member of the Troy City Council from the Second and Sixth Council Districts, respectively, in the September 11, 2001 primary election. Appellants asserted that, in violation of Election Law § 6-132 (2), numerous signatures were witnessed by subscribing witnesses who resided outside the Second and Sixth Council Districts. Respondents interposed the affirmative defense that the residency requirement violated the First Amendment of the United States Constitution. Supreme Court agreed and dismissed the petition. The Appellate Division affirmed (286 AD2d 554), as do we.
 

 Election Law § 6-132 (2) requires that a subscribing witness to a designating petition be (1) a duly qualified voter of the State,
 
 *
 
 (2) an enrolled voter of the same political party as the voters qualified to sign and (3) “a resident of the political subdivision in which the office or position is to be voted for.” The only requirement challenged here is the third. Additionally, a subscribing witness is required to set forth his or her address in a signed Statement of Witness appended to the bottom of each sheet of a designating petition
 
 (see,
 
 Election Law § 6-132 [2]).
 

 We agree with the courts below and with the United States Court of Appeals for the Second Circuit that the circulation of designating petitions on behalf of a candidate is “core political speech”
 
 (Lerman v Board of Elections,
 
 232 F3d 135, 146-149,
 
 cert denied
 
 — US —, 121 S Ct 2520) and that the residency requirement at issue constitutes a severe burden on such expression
 
 (see,
 
 286 AD2d, at 555,
 
 supra).
 
 The requirement is therefore subject to strict scrutiny, and “must be narrowly drawn to advance a state interest of compelling importance”
 
 (Burdick v Takushi,
 
 504 US 428, 434 [citation and internal quotation marks omitted]).
 

 The requirement that the subscribing witness be “a resident of the political subdivision in which the office or position is to be voted for” (Election Law § 6-132 [2]) is not narrowly tailored to further a compelling State interest. The State interest most
 
 *915
 
 commonly advanced as compelling in connection with such a requirement is protection of the integrity of the nominating process by assuring that a subscribing witness is subject to subpoena in a proceeding challenging the petition. That interest, however, is satisfied by the dual requirement that the witness’s address be disclosed and that the witness be a resident of the State
 
 (see, Lerman, supra,
 
 at 150;
 
 Molinari v Powers,
 
 82 F Supp 2d 57, 73;
 
 supra,
 
 n *).
 

 Appellants alternatively suggest that the compelling interest here is to prevent the intrusion of “outsiders” in a local political organization’s nominating process. They presented no evidence that insularity was any part of the basis for enactment of the witness residency requirement at issue here. Moreover, even accepting the highly doubtful proposition that such an interest could be considered legitimate, it can hardly be deemed compelling, in view of the fact that the statute permits nonresident notaries public and commissioners of deeds to act as subscribing witnesses
 
 (see,
 
 Election Law § 6-132 [3]).
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur.
 

 Order affirmed, without costs, in a memorandum.
 

 *
 

 Election Law § 5-102 (1), in pertinent part, requires that a qualified voter of the State be a State resident.