■ In the Matter of MICHAEL P. MCMANUS et al., Appellants, v M. BETSY RELIN et al., Constituting the Board of Elections of Monroe County, et al., Respondents. [730 NYS2d 594] —Order unanimously reversed on the law without costs, petition granted and designating petitions validated. Memorandum: Petitioners commenced this special proceeding pursuant to Election Law § 16-102 seeking an order validating their designating petitions and designating them as Republican Party candidates for Rochester City Council at-large for the Republican primary to be held on September 11, 2001. Petitioners contend that Supreme Court erred in invalidating signatures on designating petitions on the ground that the subscribing witness in the "STATEMENT OF WITNESS" portion of the designating petitions provided an incorrect address. The witness was in the process of moving from one apartment to another during the period in which signatures were being obtained and he provided his new address as a current address on some designating petitions signed before he actually moved. We agree with petitioners that reversal is required.

Pursuant to Election Law § 6-132 (2), "[t]here shall be appended at the bottom of each [designating petition] sheet a signed statement of a witness who is a duly qualified voter of the state and an enrolled voter of the same political party as

the voters qualified to sign the petition, and who is also a resident of the political subdivision in which the office or position is to be voted for." That section further provides that the signed statement of the witness shall be deemed the equivalent of an affidavit and, "if it contains a material false statement, shall subject the person signing it to the same penalties as if he had been duly sworn." In addition, section 6-132 (2) provides a sample form to be completed by the witness, including the statement, "I now reside at ＿＿＿＿＿＿＿ (residence address)."

Where, as here, the Election Law violation does not involve the "substantive requirements of witness eligibility" and "there is no implication of fraud, resort to strict construction should be avoided if it would lead to injustice in the electoral process or the public perception of it" (*Matter of Pulver v Allen*, 242 AD2d 398, 400, *lv denied* 90 NY2d 805, citing *Matter of Staber v Fidler*, 65 NY2d 529, 534). Given the fact that both addresses are within the correct political subdivision and in the absence of any indication of fraud, we conclude that the court erred in invalidating the designating petitions that failed to comply with Election Law § 6-132 (2). (Appeal from Order of Supreme Court, Monroe County, Siracuse, J.—Election Law.) Present—Pigott, Jr., P. J., Green, Pine, Wisner and Lawton, JJ. (Filed Aug. 23, 2001.)