(September 7, 2005)

■ In the Matter of PAUL BRAY, Appellant, v JOHN MARSOLAIS, as City Clerk of the City of Albany, Respondent. [801 NYS2d 84]—

Per Curiam. Appeal from an order of the Supreme Court (Spargo, J.), entered September 6, 2005 in Albany County, which

dismissed petitioner's application, in a proceeding pursuant to Municipal Home Rule Law § 24 and Election Law § 16-116, to validate a petition for referendum seeking to amend the City of Albany Charter.

In June and July 2005, a citizen petition proposing two amendments to the City of Albany Charter was circulated in the City of Albany pursuant to Municipal Home Rule Law § 37. On July 15, 2005, the petition, containing eight volumes with 3,675 signatures, was then presented to respondent (*see* Municipal Home Rule Law § 24 [1] [a]; § 37 [5]). Upon his examination, respondent reported to the City of Albany Common Council by certificate that the petition was insufficient in that it contained only 2,909 valid signatures (*see* Municipal Home Rule Law § 37 [5]), 122 signatures short of the 3,031 required in order for it to be placed on the ballot in the next general election (*see* Municipal Home Rule Law § 24 [1] [a]). The certificate specifically set forth the reasons underlying the invalidity of each of the rejected 766 signatures (*see* Municipal Home Rule Law § 37 [5]). Petitioner thereafter commenced this proceeding seeking to validate 224 of the 766 invalidated signatures. In his affirmation in opposition, respondent, among other things, identified 170 signatures which were counted as valid but which he now sought to find invalid.

A three-day hearing was thereafter held during the course of which Supreme Court sua sponte questioned whether signatures on certain pages of the petition were valid because the subscribing witnesses on those pages lived outside the City of Albany. Eventually, the parties were asked to research and prepare argument on the residency issue. Although Supreme Court found 136 of the 224 signatures valid[1] thus raising the signature count to 3,045, it nevertheless ruled that the subscribing witnesses must reside in the City of Albany and therefore excluded all 316 signatures on those pages of the petition that were signed by subscribing witnesses not meeting this residency requirement[2] In doing so, the court distinguished *Lerman v Board of Elections in City of N.Y.* (232 F3d 135 [2d Cir 2000], *cert denied* 533 US 915 [2001]), relied upon by petitioner, wherein the Second Circuit found unconstitutional the requirement in Election Law § 6-132 that witnesses to designating petitions be residents of the political subdivision in which the office or position is to be voted because it "severely burdens interactive political speech

---

1. Twenty-one of the signatures which Supreme Court declared valid were on pages where the subscribing witnesses lived outside of the City of Albany.

2. Some of these signatures had already been declared invalid by respondent and were not reinstated by Supreme Court on other grounds.

and association rights protected by the First Amendment . . . without advancing *any* legitimate or important state interest" (*id.* at 139). Although Supreme Court had entertained discussion on the propriety of allowing respondent to challenge an additional 170 signatures that respondent had originally counted as valid, it declined to rule on these signatures. Petitioner now appeals.[3]

Initially, we find that Supreme Court should not have raised the residency issue sua sponte (*see Salesian Socy. v Village of Ellenville*, 41 NY2d 521 [1977]; *Matter of Isabella v Hotaling*, 207 AD2d 648, 649-650 [1994], *lv denied* 84 NY2d 801 [1994]), especially since the issue had nothing to do with the subject matter jurisdiction of the court (*see Matter of Fry v Village of Tarrytown*, 89 NY2d 714, 722 [1997]). Respondent, who adopted this argument during the course of the three-day hearing, failed to raise this issue in his responsive pleading as a ground for invalidating any signatures, despite the fact that the certificate clearly indicated that the citizen petition contained 316 signatures collected by non-city residents. Furthermore, the parties should be bound by a stipulation entered into at the beginning of these proceedings, namely, that there were only 766 signatures invalidated for reasons other than the residency issue raised by the court (*see Nishman v De Marco*, 62 NY2d 926, 929 [1984]; *Mitchell v New York Hosp.*, 61 NY2d 208, 214 [1984]).

Moreover, even if Supreme Court had the authority to raise this issue sua sponte, the holding in *Lerman v Board of Elections in City of N.Y.* (*supra*), which has been adopted by the Court of Appeals in *Matter of La Brake v Dukes* (96 NY2d 913 [2001], *affg* 286 AD2d 554 [2001]), is controlling. We are unpersuaded that *Lerman* is distinguishable on the ground that it dealt with the designating petition process under Election Law § 6-132, while the form of the petition here is governed by Election Law § 6-140 as required by Municipal Home Rule Law § 24 (1) (a). For purposes of the residency requirement, no justifiable grounds exist to distinguish designating petitions and nominating petitions (*see Chou v New York State Bd. of Elections*, 332 F Supp 2d 510 [2004]). Significantly, a notary public or a commissioner of deeds is qualified to witness the petition in lieu of the signed statement of a subscribing witness without the requirement that either live in the City of Albany (*see Election Law § 6-140 [2]*).

---

**3.** Although respondent also filed a notice of appeal, he is not an aggrieved party having succeeded in getting petitioner's application dismissed. The arguments he raises in his brief, however, can be considered as alternative grounds for affirmance.

As a result of our holding, petitioner now has the requisite number of valid signatures on the petition and we therefore must now address respondent's arguments that there are additional signatures which should be invalidated. In this regard, we initially find that respondent cannot now challenge the 170 signatures which he had marked with a question mark but ultimately did not rule invalid. Municipal Home Rule Law § 37 (5) requires respondent, after examining the petition, to note each invalid signature and specifically set forth the reason each is declared invalid. Respondent failed to do so with these 170 "marked" signatures. Furthermore, as noted above, the parties stipulated that only 766 signatures were declared invalid thus limiting the arguments to be presented to Supreme Court. Regarding the 11 signatures on addendum E, based on the testimony provided by Eileen Cronin from the Albany County Board of Elections, we agree with Supreme Court that these signatures should not have been declared invalid by respondent merely because they were marked "inactive" as these people are still considered registered voters. Respondent finally argues that Supreme Court improperly validated signatures where the address listed on the petition did not match the address on file with the Board of Elections. In this regard, our review of the record confirms that each of these signers is a registered voter in the City of Albany, and although each address on the voter registration record provided by the Board of Elections differs from that on the petition for each signer, both are City of Albany addresses. In these circumstances, Supreme Court did not err in finding these signatures valid (*see Matter of Robelotto v Burch*, 242 AD2d 397 [1997]). As the petition now has a sufficient number of signatures, we need not reach petitioner's arguments with respect to those signatures he claims that Supreme Court erroneously failed to find valid.

Mercure, J.P., Crew III, Peters, Carpinello and Rose, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition granted.