[840 NE2d 107, 806 NYS2d 138]

In the Matter of Susan McGuire, Respondent, v David Gamache et al., Constituting the Dutchess County Board of Elections, Respondents, and Alison E. MacAvery, Appellant.

Argued October 20, 2005; decided October 24, 2005

**APPEARANCES OF COUNSEL**

*Feeney Centi & Mackey,* Albany (*L. Michael Mackey* of counsel), for appellant.

*John Ciampoli,* Albany, for respondents.

**OPINION OF THE COURT**

GRAFFEO, J.

As a candidate for the office of member, Dutchess County Legislature, District 16, petitioner Susan McGuire commenced this Election Law § 16-102 proceeding seeking to invalidate the independent petitions nominating respondent Alison E. Mac-Avery as a candidate of the Senior Citizens Party for the same office. Finding a defect on several pages of the petitions, Supreme Court invalidated the petitions. The Appellate Division affirmed, as do we.

Independent petitions nominating Alison E. MacAvery as a candidate of the Senior Citizens Party were timely filed with the Dutchess County Board of Elections. Susan McGuire commenced this proceeding asserting, among other claims, that the independent nominating petitions were invalid because several pages of signatures were obtained by a subscribing witness who was not a resident of District 16 and who had struck some of

the language in the statement of witness that appears at the bottom of preprinted petition sheets. The signature pages included a witness statement containing language prescribed in Election Law § 6-140 (1) (b).[1] The subscribing witness, John Ballo, struck a phrase that appeared in the witness statement, which read "and I am also duly qualified to sign the petition," by drawing a line through these words, substituting the word "OMIT" and initialing the change. No explanation for the alteration was included on the petitions.

At an appearance before Supreme Court, MacAvery's counsel conceded that Ballo did not reside in District 16, representing that this fact explained the omission of language in the subscribing witness affidavit. MacAvery contended that, despite the fact that Ballo did not live in District 16, he had a constitutional right to circulate independent nominating petitions on behalf of MacAvery based on this Court's decision in *Matter of La Brake v Dukes* (96 NY2d 913 [2001]), which held that nonresidents have a constitutional right to circulate designating petitions (*see Lerman v Board of Elections in City of N.Y.*, 232 F3d 135 [2d Cir 2000], *cert denied* 533 US 915 [2001]). McGuire's counsel argued that the subscribing witness affidavit was nevertheless facially inadequate due to the unexplained alteration of the witness statement.

In *La Brake* we declared the provision in Election Law § 6-132 (2) that required a subscribing witness to a designating petition to be "a resident of the political subdivision in which the office or position is to be voted for" an unconstitutional restriction on core political expression in violation of the First Amendment of the United States Constitution. Although we determined that the State had a compelling interest in ensuring that

---

1. Election Law § 6-140 (1) (b) requires that there be appended to each sheet of a nominating petition a signed statement of a witness who is a duly qualified voter of the state and who is qualified to sign the petition. The statement of witness provides:

"I, _____ (name of witness) state: I am a duly qualified voter of the State of New York and I am also duly qualified to sign the petition. I now reside at _____ (residence address).

"Each of the individuals whose names are subscribed to this petition sheet containing _____ (fill in number) signatures, subscribed the same in my presence on the dates above indicated and identified himself to be the individual who signed this sheet.

"I understand that this statement will be accepted for all purposes as the equivalent of an affidavit and, if it contains a material false statement, shall subject me to the same penalties as if I had been duly sworn" (Election Law § 6-140 [1] [b]).

subscribing witnesses be residents of New York State, it failed to provide a compelling justification for insisting that they reside in the political units to which the petitions pertain. Since the residency mandate prevented out-of-district qualified voters from circulating designating petitions, it impermissibly impeded the rights guaranteed them under the First Amendment.

The residency requirement we struck in *La Brake* also appears in the Election Law statutes governing the circulation of independent nominating petitions. Election Law § 6-140 (1) (b) states that a witness who circulates an independent nominating petition must be "qualified to sign the petition." And an individual cannot sign an independent nominating petition unless he or she is a "registered voter[ ] of the political unit for which a nomination is made" (Election Law § 6-138 [1]). Thus, under the statutory scheme, as was the case with witnesses to designating petitions, subscribing witnesses must reside in the same political subdivision as the office sought by the candidates supported by the nominating petitions.[2]

▇ Since the statutory provisions governing subscribing witnesses to nominating and designating petitions are equivalent, the rationale of *La Brake* applies with equal force to the political speech rights of persons circulating independent nominating petitions. A subscribing witness who is otherwise qualified to circulate a nominating petition for independent candidates cannot be disqualified under Election Law § 6-140 (1) (b) because the witness resides outside the political subdivision that corresponds to the office or position sought by the candidate. Our conclusion is consistent with that of the other federal and state courts that have examined this issue (*see Chou v New York State Bd. of Elections*, 332 F Supp 2d 510 [US Dist Ct, ED NY 2004]; *Matter of Bray v Marsolais,* 21 AD3d 1143 [2005]).

We therefore agree with MacAvery that Ballo, a New York resident, was not precluded from circulating the independent nominating petitions at issue by virtue of his residency outside District 16. This conclusion, however, does not end the inquiry in this case. Ballo may have had a legitimate reason for striking the phrase that indicated he was qualified to sign the petition— since he did not live in District 16, he was not qualified to sign MacAvery's Senior Citizens Party petition. But the petition

___

2. Lest there be any doubt that the Legislature adopted parallel requirements for nominating and designating petitions, Election Law § 6-138 (2) further provides that "the rules for a nominating petition shall conform to the rules and requirements for designating petitions."

sheets themselves do not indicate this was actually his motivation, nor was any testimony or affidavit offered during the Supreme Court proceeding establishing that Ballo struck the language in the statement of witness for this reason.

■ We have long recognized that the witness statement is "[e]ssential to the integrity of the petition process" and have "consistently held that alteration of the statement which is unexplained and uninitialed will result in the invalidation of the petition sheet" even if the alterations "resulted in the manifestation of correct information" (*Matter of Jonas v Velez*, 65 NY2d 954, 955 [1985] [citations omitted]). In this case, Mac-Avery's argument depended on the assertion that Ballo—an individual MacAvery's counsel did not represent and who was not a party to this proceeding—altered his witness statement purely in the exercise of his First Amendment rights and not because he was disqualified for some other reason. Supreme Court offered to conduct an evidentiary hearing at which MacAvery could have proven why Ballo crossed out the phrase at issue. MacAvery did not avail herself of that opportunity. An assertion by MacAvery's counsel does not constitute admissible evidence. As Supreme Court and the Appellate Division found, no proof was offered to substantiate the candidate's claim. Due to this lack of explanation for the alteration of the witness statement, McGuire's application to invalidate MacAvery's nominating petition was properly granted (*cf. Matter of Roman v Sharpe*, 42 NY2d 986, 987 [1977] [where printed form of statement of subscribing witness failed to implement provision that a newly registered voter could witness petitions in the year of first registration, insertion of the words "new voter" in the statement was sufficiently informative to comply with the Election Law]).

The dissent describes the issue before Supreme Court as whether the subscribing witness was entitled to exercise his constitutional right to witness nominating petitions. But the preliminary issue in this Election Law § 16-102 proceeding is whether MacAvery properly interposed a constitutional claim. In answering the petition, MacAvery did not join Ballo as a party respondent or plead any counterclaim or affirmative defense raising a First Amendment issue. McGuire supported her challenge to the independent nominating petition by offering proof—the petition pages themselves—demonstrating an unexplained alteration of the subscribing witness statement. MacAvery failed to rebut this proof with evidence in admissible

form explaining Ballo's alteration and substantiating her argument that this alteration stemmed from the exercise of First Amendment rights. In the absence of record evidence, we may not speculate as to what Ballo's motivations were or whether he was or was not otherwise qualified to circulate the independent nominating petition.

We are mindful of the dilemma facing otherwise qualified subscribing witnesses who cannot attest that they are qualified to sign the petition they are circulating because they do not reside in the candidate's district. In light of our holding, the statutorily-mandated subscribing witness statements in Election Law §§ 6-132 and 6-140 need to be revised for nonresident witnesses who wish to circulate designating or nominating petitions. We urge the State Board of Elections to take whatever action is necessary to determine how best to amend the preprinted witness statement and to issue new petition forms.

Accordingly, the order of the Appellate Division should be affirmed, without costs.

G.B. SMITH, J. (dissenting). The issue here is whether a subscribing witness to a nominating petition may be denied his First Amendment rights because he struck an unconstitutional provision from the subscribing portion of the petition before he signed it. Because the deletion was consistent with and even compelled by decisions of this Court and a federal appellate court, I dissent.

This is a proceeding by Susan McGuire, the Republican and Conservative candidate for the office of Dutchess County legislator, to invalidate the independent petition nominating respondent Alison E. MacAvery as a candidate of the Senior Citizens Party for the Dutchess County Legislature. The petition claims that a subscribing witness to a number of petitions made material alterations to the witness statement. Specifically, it claims that John Ballo struck the following phrase in the witness statement: "and I am also duly qualified to sign the petition."

Supreme Court granted the application to invalidate the petition and the Appellate Division affirmed. This Court granted leave to appeal.

The requirement of the Election Law that a subscribing witness to a nominating petition live in the district of the candidate on the nominating petition has been declared unconstitutional. Election Law § 6-132 (2) required that a subscribing witness to a designating petition be "a resident of the political subdivision

in which the office or position is to be voted for." In the year 2000, the United States Court of Appeals for the Second Circuit declared Election Law § 6-132 (2) unconstitutional as a severe burden on speech (*Lerman v Board of Elections in City of N.Y.*, 232 F3d 135 [2000], *cert denied* 533 US 915 [2001]). In 2001, in *Matter of La Brake v Dukes* (96 NY2d 913 [2001]), this Court, citing the *Lerman* decision, also declared that requirement unconstitutional. This Court stated:

> "We agree with the courts below and with the United States Court of Appeals for the Second Circuit that the circulation of designating petitions on behalf of a candidate is 'core political speech' . . . and that the residency requirement at issue constitutes a severe burden on such expression" (*id.* at 914 [citations omitted]).

Election Law § 6-140 (1) (b) requires that a witness who circulates an independent nominating petition must be "qualified to sign the petition." It is undisputed that the subscribing witness, Ballo, does not live in the district. Thus, to swear that he is a person duly qualified to sign the petition, that is that he lives in the district, would amount to perjury. The fact that the Board of Elections or the State Legislature has not changed the form during several years after a declaration that a portion of it is unconstitutional is not an adequate reason to deny the subscribing witness his constitutional rights.

The majority argues that even though the residency requirement for subscribing to a petition has been struck as unconstitutional, the petition must be invalidated because the subscribing witness struck the language without giving a reason. The free speech right to support the candidate of one's choice does not in any way depend upon a statement giving the reasons for striking the phrase. It has not been established on this record that Ballo was disqualified from signing the petition for any reason other than nonresidency. He did not delete from the form the statement "I am a duly qualified voter of the State of New York," and it can hardly be seriously contended that the State had any other valid reason for interfering with the exercise of his First Amendment right. Even if such a reason did exist, it was the State's burden to prove it, not Ballo's to disprove it. He was within his right to strike the unconstitutional provision of the form.

Accordingly, I would dismiss the application to invalidate, declare the nominating petitions valid and permit the candidate's name to appear on the ballot.

Chief Judge KAYE and Judges CIPARICK, ROSENBLATT and READ concur with Judge GRAFFEO; Judge G.B. SMITH dissents and votes to reverse in a separate opinion in which Judge R.S. SMITH concurs.

Order affirmed, without costs.