■ In the Matter of PETER T. TOPOREK et al., Respondents, v FORD BECKWITH et al., Appellants, and DENNIS E. WARD et al., Constituting the Erie County Board of Elections, Respondents.
[821 NYS2d 685]—

Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered August 8, 2006 in a proceeding pursuant to Election Law article 16. The order granted the petition.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Respondent candidates appeal from an order granting the petition seeking to invalidate their designating petition. We reverse. In support of the petition, petitioners contended, inter alia, that subscribing witness Diane Barth wrote her residence address on four signature sheets as "160-2 Arbour Lane" and on two sheets as "160.2 Arbour Lane" rather than her address of 160 Arbour Lane, Unit 2. In addition, Supreme Court concluded that the handwritten residence address of respondent Ford Beckwith (Beckwith) listed on the cover sheet of the designating petition misstated the number in his residence address as 4516 Highland Parkway rather than 4316 Highland Parkway.

Addressing first Beckwith's handwritten address on the cover sheet of the designating petition, we conclude that the address, although poorly written, nevertheless is correctly listed as 4316 Highland Parkway. In any event, even assuming, arguendo, that the cover sheet contained an incorrect address, we conclude that such a disparity is inconsequential and does not invalidate the designating petition (see generally Matter of Pulver v Allen, 242 AD2d 398, 400 [1997], lv denied 90 NY2d 805 [1997]; Matter of Hoare v Davis, 207 AD2d 309, 309-310 [1994]).

We further conclude that the residence address of Barth on the six signature sheets of the designating petition is adequate and does not warrant invalidation of the designating petition inasmuch as "there has been substantial compliance with the

statutorily prescribed format" (*Matter of Belak v Rossi*, 96 AD2d 1011, 1012 [1983], *lv denied* 60 NY2d 552 [1983]). "[T]he Election Reform Act of 1992, amending section 6-134 (2) of the Election Law . . . , provides for liberal construction of the residence address requirement" (*Matter of Regan v Starkweather*, 186 AD2d 980, 981 [1992]). Indeed, "where the information sought is apparent on the face of the form and the defect cannot possibly confuse, hinder or delay any attempt to ascertain or to determine the identity, status and address of the witnesses, the defect is not such as to mandate invalidation of all signatures on each of the several pages" (*Matter of Weiss v Mahoney*, 49 AD2d 796, 797 [1975]). Present—Hurlbutt, J.P., Scudder, Green and Pine, JJ.