FOURTH DEPARTMENT, AUGUST, 2008

(August 20, 2008)

■ In the Matter of MICHAEL B. POWERS, Appellant, v KRISTIN G. KOZLOWSKI et al., Respondents. [865 NYS2d 404]—

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered August 6, 2008 in a proceeding pursuant to Election Law article 16. The order dismissed the petition.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this special proceeding pursuant to Election Law § 16-102 seeking, inter alia, to invalidate the designating petition of Kristin G. Kozlowski (respondent) for the office of Town Justice of the Town of Clarence

for the Republican primary. Supreme Court properly dismissed the petition based on its determination that the signatures on 41 of the 66 sheets of respondent's designating petition were valid despite the fact that the town of residence listed by each subscribing witness in the "Witness identification information" section of the "STATEMENT OF WITNESS" conflicted with the place of residence set forth by each subscribing witness in the first paragraph of the "STATEMENT OF WITNESS." Election Law § 6-132 (2) provides in relevant part that "[t]here shall be appended at the bottom of each sheet [of a designating petition] a signed statement of a witness who is a duly qualified voter of the state and an enrolled voter of the same political party as the voters qualified to sign the petition . . . ." The sample form set forth in that section, entitled "STATEMENT OF WITNESS," requires the subscribing witness to list his or her residence address in the first paragraph. The sample form also contains a subsequent section entitled "Witness identification information." There is a blank space in that section for "Town or City" and "County," and that section sets forth that "[t]he following information must be completed prior to filing with the board of elections in order for this petition sheet to be valid" (*id.*).

Here, each subscribing witness listed his or her full address in the first paragraph of the "STATEMENT OF WITNESS" section on each of the 41 sheets, but incorrectly listed the Town of Clarence as his or her town or city of residence in the "Witness identification information" section. In her answer to the petition, respondent stated that the Town of Clarence was included in that section because her "campaign" was operating under the mistaken belief that the "town or city" required to be identified was the town or city in which the office sought was located. Although the inclusion of the incorrect town or city of residence in each "Witness identification information" section in question was indeed a violation of Election Law § 6-132 (2), we note that the complete address of each subscribing witness was listed in the first paragraph of the "STATEMENT OF WITNESS." "Where, as here, the Election Law violation does not involve the 'substantive requirements of witness eligibility' and 'there is no implication of fraud, resort to strict construction should be avoided if it would lead to injustice in the electoral process or the public perception of it' " (*Matter of McManus v Relin*, 286 AD2d 855, 856 [2001], *lv denied* 96 NY2d 718 [2001], quoting *Matter of Pulver v Allen*, 242 AD2d 398, 400 [1997], *lv denied* 90 NY2d 805 [1997]). We thus conclude under the circumstances of this case that, where each subscribing witness listed his or her full and complete address on each of the chal-

lenged sheets, the fact that the incorrect town was identified under the "Witness identification information" section on the challenged sheets does not warrant invalidation of the signatures because the insertion of that incorrect information was merely an "inconsequential error" (*Matter of Curley v Zacek*, 22 AD3d 954, 956 [2005], *lv denied* 5 NY3d 714 [2005]; *see Matter of Arcuri v Hojnacki*, 32 AD3d 658, 660 [2006], *lv denied* 7 NY3d 707 [2006]). Present—Scudder, P.J., Hurlbutt, Green and Pine, JJ.