■ In the Matter of DAVID DALTON, Appellant, v WAYNE COUNTY BOARD OF ELECTIONS et al., Respondents. [883 NYS2d 841]—

Appeal from an order of the Supreme Court, Wayne County (John J. Ark, J.), entered August 11, 2009 in a proceeding pursuant to Election Law article 16. The order dismissed the petition.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the petition is granted, the designating petitions are validated, and respondent Wayne County Board of Elections is directed to place petitioner's name on the ballot as a candidate for election to the office of Sheriff of Wayne County for the Republican primary to be held September 15, 2009.

Memorandum: Petitioner commenced this special proceeding pursuant to Election Law § 16-102 seeking an order validating his designating petitions and directing respondent Wayne County Board of Elections to place his name on the ballot as a candidate for election to the office of Sheriff of Wayne County for the Republican primary. Supreme Court erred in dismissing the petition based on its determination that 67 signatures collected by two subscribing witnesses were invalid because the subscribing witnesses listed the incorrect town of residence in the "Witness identification information" section of the "STATEMENT OF WITNESS." Election Law § 6-132 (2) provides in relevant part that "[t]here shall be appended at the bottom of each sheet [of a designating petition] a signed statement of a witness who is a duly qualified voter of the state and an enrolled voter of the same political party as the voters qualified to sign the petition . . . . " The sample form set forth in that subdivision, entitled "STATEMENT OF WITNESS," requires the subscribing witness to list his or her residence address in the first paragraph of the form. The "STATEMENT OF WITNESS" section of the sample form entitled "Witness identification information" contains blank spaces for "Town or City" and "County," and sets forth that "[t]he following information must be completed prior to filing with the board of elections in order for this petition sheet to be valid."

Here, two subscribing witnesses, a husband and wife, correctly listed their complete address in the first paragraph of the "STATEMENT OF WITNESS" section on each of seven sheets,

but incorrectly listed the Town of Wolcott as their town of residence in the blank space for "Town or City." Both subscribing witnesses filed affidavits in support of the petition, respectively stating that, in completing the designating petition sheets, each believed that the rented house in which they were residing was located in the Town of Wolcott but thereafter learned that the house was actually located in the Town of Butler.

We conclude that the court erred in dismissing the petition, relying on *Matter of Frome v Board of Elections of Nassau County* (57 NY2d 741 [1982]), and we therefore reverse. *Frome* is distinguishable from this case because it involved the omission of the town of residence from the "STATEMENT OF WITNESS," not the inclusion of an incorrect town of residence (*see id.*). We instead conclude that this case is on all fours with, e.g., our decision in *Matter of Powers v Kozlowski* (54 AD3d 540, 541 [2008], *lv denied* 11 NY3d 701 [2008]), wherein we wrote that "[a]lthough the inclusion of the incorrect town or city of residence in each 'Witness identification information' section in question was indeed a violation of Election Law § 6-132 (2), we note that the complete address of each subscribing witness was listed in the first paragraph of the 'STATEMENT OF WITNESS.' " We thus conclude that "[w]here, as here, the Election Law violation does not involve the 'substantive requirements of witness eligibility' and 'there is no implication of fraud, resort to strict construction should be avoided if it would lead to injustice in the electoral process or the public perception of it' " (*Matter of McManus v Relin*, 286 AD2d 855, 856 [2001], *lv denied* 96 NY2d 718 [2001]; *see Powers*, 54 AD3d at 541; *Matter of Pulver v Allen*, 242 AD2d 398, 400 [1997], *lv denied* 90 NY2d 805 [1997]). Present—Scudder, P.J., Hurlbutt, Martoche, Green and Pine, JJ.