■ In the Matter of CATHERINE E. PISANI, Respondent, v MICHAEL J. KANE et al., Appellants, et al., Respondent. [928 NYS2d 363]—

During a hearing on the invalidating petitions held on August 4, 2011, the parties agreed to dismiss the proceeding against Darren Rigger, and the Supreme Court agreed to the dismissal. However, in the final order appealed from, the Supreme Court, inter alia, granted the petition against Darren Rigger. Since the final order is inconsistent with the Supreme Court's decision at the hearing, we modify the final order to conform to the decision (*see RKO Props., Ltd. v Boymelgreen*, 77 AD3d 721 [2010]).

Contrary to the appellants' contention, the petition states a cause of action pursuant to Election Law § 16-102 (1), as it alleges facts sufficient to establish the petitioner's right to the particular relief sought and provides notice of the transactions and occurrences intended to be proven (*see* CPLR 3013; *Matter of Klein v Garfinkle*, 12 AD3d 604, 605 [2004]; *see also Matter of Stavisky v Koo*, 54 AD3d 432 [2008]).

The requirements that a subscribing witness disclose his or her current address and reside in the state protects the integ-

rity of the nominating process by assuring that a subscribing witness is subject to subpoena in a proceeding challenging the petition (*see* Election Law § 6-132 [2]; *Matter of La Brake v Dukes*, 96 NY2d 913, 914-915 [2001], citing *Lerman v Board of Elections in City of N.Y.*, 232 F3d 135, 150 [2000]; *Molinari v Powers*, 82 F Supp 2d 57, 73 [2000]). Moreover, the "Statement of Witness" states that the subscribing witness "understand[s] that this statement will be accepted for all purposes as the equivalent of an affidavit and, if it contains a material false statement, shall subject [the subscribing witness] to the same penalties as if [the subscribing witness] had been duly sworn" (Election Law § 6-132 [2]).

Here, in the "Statement of Witness" section, a subscribing witness improperly listed as his current address a residence at which he no longer resided. Since the address provided by this subscribing witness could confuse, hinder, or delay any attempt to ascertain or to determine the identity, status, and address of that witness, the signatures on the sheets signed by this subscribing witness must be invalidated (*see Matter of La Brake v Dukes*, 96 NY2d at 914-915, citing *Lerman v Board of Elections*, 232 F3d at 150; *Matter of Liepshutz v Palmateer*, 65 NY2d 965, 966-967 [1985]; *Matter of Dalton v Wayne County Bd. of Elections*, 65 AD3d 817 [2009]; *Matter of Henry v Trotto*, 54 AD3d 424, 426-427 [2008]; *Matter of Powers v Kozlowski*, 54 AD3d 540 [2008]; *Matter of Toporek v Beckwith*, 32 AD3d 684, 684-685 [2006]). Without those signatures, there was an insufficient number of valid signatures in the designating petitions. Accordingly, the Supreme Court properly granted the petition to invalidate the designating petitions of the remaining candidates.

In light of our determination, we need not consider the appellants' remaining contention. Skelos, J.P., Covello, Balkin, Austin and Sgroi, JJ., concur.