In the Matter of RODNEYSE BICHOTTE, Appellant, v MICHELE N. ADOLPHE, Respondent, et al., Respondent. [991 NYS2d 317]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Michele N. Adolphe as a candidate in a primary election to be held on September 9, 2014, for the nomination of the Democratic Party as its candidate for the public office of Member of the Assembly, 42nd Assembly District, the petitioner appeals from a final order of the Supreme Court, Kings County (Schmidt, J.), dated August 12, 2014, which, after a hearing, denied the petition, inter alia, to invalidate the designating petition and, in effect, dismissed the proceeding.

Ordered that the final order is affirmed, without costs or disbursements.

The petitioner commenced this proceeding, inter alia, to invalidate a petition designating Michele N. Adolphe as a candidate in a primary election to be held on September 9, 2014, for the nomination of the Democratic Party as its candidate for the public office of Member of the Assembly, 42nd Assembly District. The designating petition was required to have 500 valid signatures (*see* Election Law § 6-136 [2] [i]). It is undisputed that, without the inclusion of the signatures witnessed by Carl Thompson and Markim Moore, Michele N. Adolphe would have fewer valid signatures than the number required, but she would have more valid signatures than the number required with the inclusion of those signatures.

The Supreme Court determined that the signatures witnessed by Thompson and Moore were not rendered invalid by the fact that the addresses listed for those subscribing witnesses on

their respective buff cards, as contained in the database of the Board of Elections in the City of New York (hereinafter the Board), did not match the residence addresses set forth in the Statement of Witness appended to the bottom of each sheet of the designating petition signed by those subscribing witnesses. Additionally, the Supreme Court determined that the signatures witnessed by Moore were not rendered invalid due to his status as an "inactive" voter in the Board's records.

An individual's status as a registered voter is unaffected by a change of address within the city or county in which he or she was registered (*see* Election Law §§ 5-208 [1]; 5-210 [5] [a]; *Matter of Robelotto v Burch*, 242 AD2d 397, 398 [1997]). Election Law § 6-132 (2) requires that a subscribing witness to a designating petition be a duly qualified voter of the State of New York and an enrolled voter of the same political party as the voters qualified to sign the petition (*see* Election Law § 6-132 [2]; *Matter of La Brake v Dukes*, 96 NY2d 913, 914 [2001]). Election Law § 6-132 (2) further requires that a subscribing witness set forth his or her current address in a signed Statement of Witness appended to the bottom of each sheet of a designating petition (*see Matter of La Brake v Dukes*, 96 NY2d at 914).

Contrary to the petitioner's contention, the fact that the addresses listed for Thompson and Moore in the Board's records did not match their residence addresses set forth in the signed Statements of Witness did not establish that either witness was not a "duly qualified voter" under Election Law § 6-132 (2). Election Law § 6-132 (2) does not require that the residence address of the subscribing witness match the address on file for that witness with the relevant board of elections (*see* Election Law § 6-132 [2]). Therefore, where the address of a subscribing witness, as set forth on the petition, does not match the address on file with the board of elections, that fact alone cannot provide a basis for invalidating the signatures at issue (*see Matter of Hudson v Board of Elections of City of N.Y.*, 207 AD2d 508, 509 [1994]; *see also Matter of Curley v Zacek*, 22 AD3d 954, 957 [2005]).

The signatures witnessed by Moore were not rendered invalid by the fact that the Board's records reflected that he had an "inactive" voter status, inasmuch as he was still a registered voter at the time he witnessed the signatures (*see Matter of Bray v Marsolais*, 21 AD3d 1143, 1146 [2005]; *see generally* Election Law § 5-213 [governing "active" and "inactive" voter status]), and Election Law § 6-132 (2) does not mandate that subscribing witnesses have an "active" voter status.

The petitioner's contention that the Supreme Court lacked an evidentiary basis for its determination that Moore lived at the address set forth in his signed Statement of Witness during the time that he procured signatures, raised for the first time on appeal, is not properly before this Court (*see Matter of Venditto v Roth*, 110 AD3d 908 [2013]; *Matter of Lord v New York State Bd. of Elections*, 98 AD3d 622, 623 [2012]; *Matter of Muscarella v Nassau County Bd. of Elections*, 87 AD3d 645, 646 [2011]).

Accordingly, the Supreme Court properly denied the petition, inter alia, to invalidate the designating petition and, in effect, dismissed the proceeding. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.