# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**921.1**
**CAE 15-01444**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, AND PERADOTTO, JJ.

---

IN THE MATTER OF FRANK VESCERA,
PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

JORDAN KARP AND ROSE GRIMALDI, COMMISSIONERS OF
ONEIDA COUNTY BOARD OF ELECTIONS, AND MARIA
PEZZOLANELLA MCNIEL, RESPONDENTS-RESPONDENTS.
(APPEAL NO. 1.)

---

RICHARD E. KAPLAN, UTICA, FOR PETITIONER-APPELLANT.

MARIA PEZZOLANELLA MCNIEL, RESPONDENT-RESPONDENT PRO SE.

-------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Oneida County (Patrick F. MacRae, J.), entered August 24, 2015 in a proceeding pursuant to the Election Law. The order dismissed the petition with prejudice.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding pursuant to Election Law § 16-102 seeking an order invalidating the nominating petition of Maria Pezzolanella McNiel (respondent) as a candidate for the office of Common Council Member in the City of Utica on the ground that the signatures on the designating petitions that she witnessed were invalid because she provided a false address. The underlying facts are essentially undisputed. The "statement of witness" on the designating petitions specified a particular street address (address), as respondent's address. That address is for a building that is being renovated and having apartments constructed therein, and the evidence at the hearing established that respondent signed a lease for an apartment in the building in April 2015, at which time she paid a deposit. The lease provided that it would be in effect on either May 1, 2015, or 15 days after the certificate of occupancy was issued, whichever was later. Respondent had not yet moved into the apartment at the time she witnessed the signatures because the certificate of occupancy had not been issued for the building. The Code Enforcement Officer for the City of Utica testified that, although respondent's apartment was completed, no one could move into the refurbished building until all of the apartments were completed and a certificate of occupancy for the building was issued. Respondent averred in her affidavit in opposition to the petition that she was at the apartment daily, and that she had installed appliances and moved furniture and

personal belongings into the apartment. Respondent also averred that she had updated her voter registration in October 2014 and used the address as her residence, explaining that an apartment had been reserved for her and that she had been advised that she could move in by May 1, 2015. She further averred that, in June 2015, she advised the Department of Motor Vehicles that the address was her new address and changed her address at the United States Post Office so that her mail was delivered to the address. Supreme Court determined that the address is respondent's residence and dismissed the petition. We affirm.

We explained in *Matter of McManus v Relin* (286 AD2d 855, *lv denied* 96 NY2d 718) that where, as here, "[t]he witness was in the process of moving from one apartment to another during the period in which signatures were being obtained and he provided his new address as a current address on . . . designating petitions signed before he actually moved," the witness complied with Election Law § 6-132 (2). Although respondent had not yet moved to the address at the time she witnessed the signatures, the record establishes that the address was intended to be "that place where [she] maintains a fixed, permanent and principal home" (§ 1-104 [22]). "The determination of an individual's residence is dependent upon an individual's expressed intent and conduct" (*People v O'Hara*, 96 NY2d 378, 384), and we conclude that the record establishes that respondent's conduct reflects her intent that the address is her residence (*cf. id.* at 385), despite her inability to move in for reasons beyond her control. Thus, the witness statement using that address does not, under the circumstances of this case, constitute "a material false statement" (§ 6-132 [2]), and there is no indication of fraud (*see McManus*, 286 AD2d at 856; *cf. O'Hara*, 96 NY2d at 385). Where an alleged impropriety "does not involve the 'substantive requirements of witness eligibility[,]' [i.e., that respondent is a duly qualified voter of the state and an enrolled voter of the same political party as the voters qualified to sign the petition] and 'there is no implication of fraud, resort to strict construction should be avoided if it would lead to injustice in the electoral process or the public perception of it' " (*McManus*, 286 AD2d at 856; *see* Election Law § 6-132 [2]). We therefore conclude, contrary to petitioner's contention, that strict construction of Election Law § 6-132 (2) is not necessary with respect to respondent's specification of the address on the witness statement.

To the extent that petitioner alleges that respondent fraudulently represented to the Board of Elections (Board) in October 2014 that the address was her residence, we note that the Board's decision to register respondent as a voter at the address may not be collaterally attacked in a proceeding to invalidate a designating petition (*see Matter of Carney v Ward*, 120 AD3d 995, 996).

Entered:  September 8, 2015                    Frances E. Cafarell
                                               Clerk of the Court