Matter of Merber v Board of Elections in the City of N.Y. (2019 NY Slip Op 04231)





Matter of Merber v Board of Elections in the City of N.Y.


2019 NY Slip Op 04231


Decided on May 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
The Following Order Was Entered And Filed On May 29,

Acosta, P.J., Richter, Kern, Oing, Singh, JJ.


2019 -100642/19 -100643/19 9691 100644/19 9690 9689

[*1]In re Helen Merber, Petitioner-Respondent, Keith J. Edwards, et al., Petitioners,
v
The Board of Elections in the City of New York, Respondent-Appellant.
In re Patricia Still, Petitioner-Respondent, Tanuja Gupta, et al., Petitioners,
v
The Board of Elections in the City of New York, Respondent-Appellant.
In re Glenn M. Speer, Petitioner-Respondent, Shelley Mazor, et al., Petitioners,
v
The Board of Elections in the City of New York, Respondent-Appellant.


Zachary W. Carter, Corporation Counsel, New York (Elina Druker of counsel), for appellant.
Stoll, Glickman and Bellina, LLP, New York (Leo Glickman of counsel), for respondents.



Orders, Supreme Court, New York County (Carol R. Edmead, J.), entered May 2, 2019, which granted petitioners' request for an order pursuant to article 16 of the Election Law declaring valid, proper, sufficient and legally effective the petitions on behalf of petitioners designating them as candidates for election to the Democratic Party Positions of Members of the Democratic Party Committee from the 67th and 69th Assembly Districts, unanimously affirmed, [*2]without costs.
Petitioners' article 16 special proceedings should be deemed timely because petitioners did not receive notice that their designating petitions contained defects within the 14-day statutory period prescribed by Election Law § 16-102(2) and they acted with due diligence by promptly commencing the article 16 proceeding after that period ended (see Matter of Pell v Coveney, 37 NY2d 494, 496 [1975]; Matter of Jones v Sachs, 133 AD2d 195, 196 [2d Dept 1987], lv denied 71 NY2d 803 [1988]; Matter of Musolino v New York State Bd. of Elections, 89 AD2d 1033, 1033 [3d Dept 1982]).
Petitioners' designating petitions were not facially defective because they substantially complied with the Election Law (Matter of Rosen v McNab, 25 NY2d 798, 799 [1969]). Here, the designating petitions merely omitted the city, state and/or zip codes of the candidates' residences. Where a petition only contains errors regarding an incorrect or incomplete address, including where the name of the city is omitted, a petitioner has substantially complied with the Election Law and their designating petitions should not be invalidated as defective (see e.g. Matter of Ferris v Sadowski, 45 NY2d 815, 817 [1978]; Matter of King v Sunderland, 175 AD2d 896, 896-897 [2d Dept 1991]; Matter of Toporek v Beckwith, 32 AD3d 684, 685 [4th Dept 2006]).
We have considered respondent's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 29, 2019
CLERK