Matter of McNiel v Martin (2019 NY Slip Op 04305)





Matter of McNiel v Martin


2019 NY Slip Op 04305


Decided on May 30, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


734 CAE 19-00955

[*1]IN THE MATTER OF TRAVIS MCNIEL, PETITIONER-RESPONDENT,
v
KATRINA MARTIN, ALSO KNOWN AS KATRINA G. MARTIN, RESPONDENT-APPELLANT, ET AL., RESPONDENTS. 






ROSSI & ROSSI, ATTORNEYS AT LAW, PLLC, NEW YORK MILLS (VINCENT J. ROSSI, JR., OF COUNSEL), FOR RESPONDENT-APPELLANT.


 Appeal from an order of the Supreme Court, Oneida County (Patrick F. MacRae, J.), entered May 13, 2019 in a proceeding pursuant to Election Law article 16. The order, insofar as appealed from, granted the petition and invalidated the designating petitions of respondent Katrina Martin for candidacy for the office of Common Council Member, First Ward, in the City of Utica in the June 2019 primary election on the Conservative Party, Republican Party and Independence Party lines. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs and the petition is dismissed.
Memorandum: Petitioner commenced this proceeding seeking to invalidate the designating petitions pursuant to which Katrina Martin, also known as Katrina G. Martin (respondent), sought to be placed on the June 2019 primary election ballots for the Conservative Party, Republican Party, and Independence Party as a candidate for the office of Common Council Member, First Ward, in the City of Utica. Petitioner alleged, inter alia, that respondent did not live at the address that she provided on the designating petitions as her place of residence. Respondent appeals from an order to the extent that it granted the petition and invalidated the designating petitions on that ground, and we reverse the order insofar as appealed from.
Respondent contends that, although she had not yet moved to the address provided as her place of residence on the designating petitions at the time that they were circulated, the designating petitions should not have been invalidated inasmuch as the record establishes that she intended the address to be "that place where [she] maintains a fixed, permanent and principal home" (Election Law
§ 1-104 [22]). We agree.
The record reflects that respondent was actively engaged in renovating the property at the address provided on the designating petitions, that respondent signed a temporary lease for a property also located within the relevant voting district, and that respondent intended on permanently residing at the property listed on the designating petitions once renovations were complete. Indeed, Supreme Court expressly noted that it did not "question . . . the integrity of [respondent's] testimony in saying that [it was] her intention to live [at the address]." Notwithstanding the fact that the address listed on the designation petitions was not respondent's current residence and thus did not comply with Election Law § 6-132, "[w]here, as here, there is no proof of any intention on the part of the candidate or of those who have solicited signatures on his [or her] behalf to mislead or confuse, and no evidence that the inaccuracy did or would lead or tend to lead to misidentification or confusion on the part of those invited to sign the petition or seeking to verify his [or her] qualification," the petition should not be invalidated (Matter of Ferris v Sadowski, 45 NY2d 815, 817 [1978]; see Matter of Vescera v Karp, 131 AD3d 1338, [*2]1339 [4th Dept 2015]; Matter of McManus v Relin, 286 AD2d 855, 856 [4th Dept 2001], lv denied 96 NY2d 718 [2001]).
Entered: May 30, 2019
Mark W. Bennett
Clerk of the Court