| **Davis v Clennon** |
|:---:|
| 2024 NY Slip Op 31561(U) |
| May 3, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 153378/2024 |
| Judge: Richard G. Latin |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. RICHARD G. LATIN                          PART                    46M

                                                    *Justice*

-----------------------------------------------------------------------------X

LONDEL DAVIS, JORDAN JG WRIGHT

                                Plaintiff,

                - v -

JOSHUA A. CLENNON, THE BOARD OF ELECTIONS  IN
THE CITY OF NEW YORK,

                                Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 153378/2024 |
| MOTION DATE | 04/25/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 6, 7, 8

were read on this motion to/for            ELECTION LAW - INVALIDATE PETITION            .

As a preliminary matter, respondent's validating petition under Index No. 153381/2024

was denied and dismissed on the record, on April 25, 2024, for failing to join a necessary party.

Upon the foregoing documents and after argument on April 25, 2024 and on May 3, 2024,

it is ordered that this petition to invalidate the designating petition of respondent Joshua A. Clennon

to be a candidate of the Democratic Party to for the office of Member of the Assembly is

determined as follows:

By oral decision on April 25, 2024, after hearing arguments on whether to invalidate the

petition, and by written decision dated April 26, 2024, the matter was set down for a line-by-line

analysis at the Board of Elections ("BOE") and was referred to a Special Referee to hear and report

with recommendations. The matter was referred to Special Referee Phyllis Sambuco.

The Special Referee conducted a line-by-line review of the signatures challenged by the

petitioners on April 26, 2024, May 1, 2024, May 2, 2024, and May 3, 2024. The Special Referee

also took the testimony of subscribing witness Justinn Green on April 26, 2024. The Court was

present at the line-by-line review and issued rulings on all of the forgery objections.

**153378/2024   DAVIS JR, LONDEL ET AL vs. CLENNON, JOSHUA A. ET AL**
**Motion No.  001**

**Page 1 of 5**

1 of 5

[* 1]

As stated in her report, the Special Referee sustained 232 of petitioners' objections to signatures, leaving a total of 538 valid signatures. The total of valid signatures was above the 500 requisite signatures needed for the respondent candidate to remain on the ballot. Therefore, the Special Referee recommended that the invalidating petition be denied.

Following the Special Referee's report being read into the record, the parties were offered the opportunity to argue whether the report should be confirmed or rejected. Both sides submitted papers on the issue and were heard on an expedited basis due to the specific time constraints of determining this election law matter.

On the record, petitioners sought to reject the Special Referee's report and recommendations with respect to the signatures not already invalidated. Specifically, petitioners objected to the signatures witnessed by Justinn Green on the basis that the address given on his petition sheets is inaccurate and differed from his April 26, 2024 testimony. Petitioners argued that based on the wrong subscribing witness residence address issue, that respondent's designating petition fails to contain the 500 minimum number of required valid signatures and as a result should be invalidated.

Respondent Clennon argued in support of confirming the Special Referee's report that witness Justinn Green can have more than one residence and could choose which residence to list on his petition (*see Matter of Markowitz v Gumbs*, 122 AD2d 906 [2d Dept 1986]). Respondent Clennon asserted that Green's testimony demonstrated that he had two address where he resides, his current address at 1330 Commerce Avenue, Bronx, New York and his voting address.

Election Law § 6-132 (2) requires that a subscribing witness list their current residence address on a designating petition sheet, and that they reside in the state. This requirement "protects

**153378/2024   DAVIS JR, LONDEL ET AL vs. CLENNON, JOSHUA A. ET AL**
**Motion No.  001**

**Page 2 of 5**

2 of 5

the integrity of the nominating process by assuring that a subscribing witness is subject to subpoena in a proceeding challenging the petition" (*Matter of Pisani v Kane*, 87 AD3d 650, 652 [2d Dept 2011]). If a subscribing witness improperly lists their address, the signatures on the sheets signed by the subscribing witness must be invalidated because the incorrect address "could confuse, hinder, or delay any attempt to ascertain or to determine the identity, status, and address of that witness" (*id*; *see also Matter of Holt v Ward,* 43 AD3d 637, 637 [4th Dept 2007]).

The Special Referee relied on *Clark v Dais* in reaching her determination not to summarily invalidate those signatures witnessed by Justinn Green (51 Misc3d 1201[A][Sup Ct, New York County 2015]). However, *Clark* is distinguishable from the instant matter as it merely involved the omission of the witness' proper county. That court noted that address was otherwise correct, and this omission would not prevent the determination of the witness' residence. Therefore, this error would not hinder or delay any effort to subpoena the witness in order to verify the signatures on the petition.

Here, petitioners met their burden in demonstrating that Green did not list his current residence on his designating petition sheet as required. In his testimony from April 26, 2024, Green testified under oath that he lives at 1330 Commerce Avenue, Bronx, New York. This was also the address listed on his driver's license. On Green's petition sheets he stated that his address was 2255 Bronxwood Avenue, Bronx, New York. Green testified that this is the address on his voter registration. Outside of that, Green did not testify to any other connection to that address. Therefore, he did not establish any "legitimate, significant, and continuing attachment" to the 2255 Bronxwood Ave. address, or any intention to ever return to it (*Holt v Ward*, 43 AD3d 637, 638 [4th Dept 2007] quoting *Matter of Ferguson v McNab*, 60 NY2d 598, 600 [1983]; *Pisani*, 87 AD3d 650; *cf McManus v Relin*, 286 AD2d 855, 856 [4th Dept 2001]). As a result, respondent Clennon

**153378/2024   DAVIS JR, LONDEL ET AL vs. CLENNON, JOSHUA A. ET AL**          **Page 3 of 5**
**Motion No. 001**

3 of 5

[* 3]

failed to establish that Green resided at the address listed on his petition sheets. Moreover, Special Referee Sambuco did not determine on the record that the address Green listed on his petition was correct in the first instance. Accordingly, the 108 sheets totally 825 signatures witnessed by Justinn Green are invalid.

Therefore, the Court rejects the Special Referee's report with respect to the signature's witnessed by Justinn Green and the recommendation to deny the invalidating petition. The Court adopts the report in all other respects as it pertains to the Special Referee's line-by-line review.

Clennon's designating petition initially contained 1,441 signatures. Of those, 825 were subscribed by Justinn Green and an additional 282 were invalidated by the BOE. Thereafter, an additional 124[1] were invalidated by Special Referee Sambuco during the line-by-line review. As a result, respondent only has 210 valid signatures, falling well below the 500 signatures required to be on the ballot.

Accordingly, it is ORDERED and ADJUDGED that the petition to invalidate the designating petition of Joshua A. Clennon for the Public Office of Member of the Assembly from the 70th Assembly District, New York State is granted; and it is further

ORDERED that respondent Board of Elections shall not print and/or place the name of the respondent Joshua A. Clennon as a candidate for the public office of member of the Assembly from the 70th Assembly District, New York State on any official ballots to be used for the Democratic Primary Election to be held in June 2024; and it is further

ORDERED that respondent Board of Elections is enjoined and restrained from printing, issuing, or distributing for use any official ballots used for the Democratic Primary Election to be

---

[1] Of the 232 signatures that Referee Sambuco found invalid, 108 were witnessed by Justinn Green, leaving 124 signatures invalidated on the basis of other objections.

**153378/2024   DAVIS JR, LONDEL ET AL vs. CLENNON, JOSHUA A. ET AL**               **Page 4 of 5**
    **Motion No.  001**

[* 4]                                                    4 of 5

held in June 2024 which name respondent Joshua A. Clennon as a candidate for the public office of Member of the Assembly from the 70th Assembly District, New York State.

This constitutes the decision and judgment of the Court.

| 5/3/2024 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | **RICHARD G. LATIN, J.S.C.** | | |
| CHECK ONE: | X CASE DISPOSED | | NON-FINAL DISPOSITION | | |
| | X GRANTED | ☐ DENIED | GRANTED IN PART | | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | | ☐ REFERENCE |

**153378/2024  DAVIS JR, LONDEL ET AL vs. CLENNON, JOSHUA A. ET AL**          **Page 5 of 5**
**Motion No.  001**

5 of 5