(August 22, 1997)

■ In the Matter of CAROL A. PULVER, Petitioner, v ROBERT M. ALLEN et al., Constituting the Board of Elections of the County of Warren, et al., Respondents. (And Another Related Proceeding.) [661 NYS2d 836] —Per Curiam. Proceedings pursuant to Election Law § 16-102 (transferred to this Court by order of the Supreme Court, entered in Warren County) to declare invalid the designating petitions naming respondent Fred Champagne as the Republican Party and the Conservative Party candidate for the office of Town Supervisor of the Town of Queensbury in the September 9, 1997 primary election.

Petitioner, a resident of the Town of Queensbury in Warren County, commenced these proceedings pursuant to Election Law § 16-102 challenging the sufficiency of the designating petitions naming respondent Fred Champagne as the Republican Party and the Conservative Party candidate for Town Supervisor of the Town of Queensbury in the upcoming September 1997 primary election. The facts as they pertain to the designating petitions are not in dispute. After obtaining the signatures of registered voters on the respective petitions, the subscribing witnesses neglected to provide their residence addresses on the "Statement of Witness" portion of the petitions prior to signing their names. It is uncontroverted that the designating petitions provided to Champagne and to other

prospective candidates did not contain a space for the subscribing witnesses to fill in their residence addresses. However, the challenged designating petitions did specify their residence within the Town of Queensbury, Warren County. The petitions were delivered to the office of the Warren County Board of Elections in such form. Thereafter, a person other than one of the subscribing witnesses inserted their residence addresses by hand. This information, albeit correct, was inserted outside the presence of the subscribing witnesses and was not initialed by them.

Petitioner filed objections with the Board which refused to invalidate the petitions. Supreme Court conducted a hearing which resulted in the parties entering into a statement of stipulated facts and the transfer of the matter to this Court.

Election Law § 6-134 (9) (as renum by L 1996, ch 709, § 3), which was added as part of the Election Reform Act of 1992 (*see*, L 1992, ch 79, § 14), provides that: "A person other than the subscribing witness may insert the information required by the subscribing witness statement, *provided that all subscribing witness information required above the subscribing witness' signature is inserted either before such subscribing witness signs the statement or in the presence of such subscribing witness*" (emphasis supplied). While the addition of information to the witness statement subsequent to the signature of the subscribing witness by another in the witness's absence has resulted in the invalidation of petition sheets in cases preceding the Election Reform Act of 1992 (*see, Matter of Jonas v Velez*, 65 NY2d 954; *Matter of Sheldon v Sperber*, 45 NY2d 788), the recent enactment of Election Law § 6-134 (10) (L 1996, ch 709, § 3) now permits the courts to "liberally construe" all the provisions of section 6-134, including subdivision (9), "not inconsistent with substantial compliance thereto and the prevention of fraud". Here, the parties stipulated that the inserted residence addresses were correct and that if the line "I reside at" followed by a blank line had appeared in the petitions, the witnesses would have entered the correct residence addresses. In our view, the parties' stipulation to these unique circumstances removed any possibility of fraud and brought the alterations of the witness statements into substantial compliance. Accordingly, the failure to strictly comply with the statute in this case is not a fatal defect.

Even if the alterations are deemed a nullity, the omission of the residence addresses from the "witness statements" does not, under the circumstances of this case, require invalidation

of the petitions. Election Law § 6-132 (2) provides at the bottom of each petition sheet, in relevant part, that there shall be "a signed statement of a witness who is a duly qualified voter of the state and an enrolled voter of the same political party as the voters qualified to sign the petition, and who is also a resident of the political subdivision in which the office or position is to be voted for". It is undisputed that all of the subscribing witnesses are duly qualified voters of this State and enrolled voters in either the Republican or Conservative parties. Furthermore, examination of the petitions reveals that each subscribing witness declared his or her residence to be within the Town of Queensbury, Warren County. In this Town Supervisor race, that identification information is sufficient to clearly demonstrate that each is a "resident of the political subdivision in which the office * * * is to be voted for" (Election Law § 6-132 [2]). Since all of the substantive requirements of witness eligibility have been satisfied, we view the omission of the specific street address, in this instance, as an inconsequential violation of the statute. Where such a violation of the Election Law occurs and there is no implication of fraud, resort to strict construction should be avoided if it would lead to injustice in the electoral process or the public perception of it (*see, Matter of Staber v Fidler*, 65 NY2d 529, 534).

Cardona, P. J., White, Peters, Spain and Carpinello, JJ., concur. Adjudged that the petitions are dismissed, without costs, and the designating petitions naming respondent Fred Champagne as the Republican Party and Conservative Party candidate for the office of Town Supervisor of the Town of Queensbury in the September 9, 1997 primary election are declared valid.