(August 21, 1998)

■ In the Matter of BILL MAGEE, Respondent, v MATTHEW E. CAMP et al., Appellants, and NEIL W. KELLEHER et al., as Commissioners of the Board of Elections of the State of New York, Respondents. [677 NYS2d 192] —Per Curiam. Appeals (1) from an order of the Supreme Court (Hughes, J.), entered August 14, 1998 in Albany County, which granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the opportunity to ballot petition for the Independence Party nomination for the office of Member of the Assembly from the 111th District in the September 15, 1998 primary election, and (2) from an order of said court, entered August 18, 1998 in Albany County, which, upon reconsideration, adhered to its prior decision.

On July 27, 1998, an opportunity to ballot petition for the Independence Party nomination for the office of Member of the Assembly from the 111th District was filed with the State Board of Elections (hereinafter the Board). Finding that the petition contained 64 valid signatures, two more than the required 62 signatures, the Board validated the petition. Thereafter, petitioner, an aggrieved candidate, commenced this proceeding seeking to invalidate the petition on the ground that it contained an insufficient number of signatures. Finding, *inter alia*, that 10 of the signatures on sheet seven of the petition were invalid due to an uninitialed and unexplained alteration made to the subscribing witness statement, Supreme Court ruled that there were only 54 valid signatures and invalidated the petition. Respondent members of the committee to receive notices on the petition (hereinafter collectively referred to as respondents) thereafter moved for reconsideration. An affidavit by the subscribing witness was submitted upon reconsideration in an attempt to explain the alteration. The court granted renewal and, after considering the affidavit by the subscribing witness, adhered to its prior decision. Respondents now appeal from both orders.

Initially, we reject respondents' argument that petitioner failed to preserve his challenge to the altered witness statement by filing a specific objection to the petition on that ground. Because petitioner is an aggrieved candidate within the meaning of Election Law § 16-102 (1), he was not required to file objections and specifications to the petition prior to commencing this proceeding.

Turning to the merits, our review of the record leads us to conclude that Supreme Court correctly ruled that the opportunity to ballot petition contained an insufficient number of

valid signatures and is therefore invalid. Sheet seven of the petition contains a total of 11 signatures, one of which the Board ruled was invalid for reasons not disputed in this proceeding. Although the 10 remaining signatures found to be invalid are followed by the subscribing witness statement required by Election Law § 6-132, that portion of the witness statement which sets forth the number of signatures on that sheet of the petition was altered. The alteration, which rendered illegible the number of signatures on sheet seven, was not initialed or explained by the subscribing witness. Because uninitialed and unexplained alterations to an essential element of the witness statement require the invalidation of the entire petition sheet (*see, Matter of Jonas v Velez*, 65 NY2d 954; *Matter of Klemann v Acito*, 64 AD2d 952, *affd* 45 NY2d 796), the number of valid signatures on the petition is reduced to 54, or eight less than required to validate the petition. In view of this finding, we need not address petitioner's alternative argument that the petition should be invalidated on other grounds.

Finally, we find that Supreme Court improperly granted respondents' motion for renewal. Inasmuch as the specifications filed with the Board placed respondents on notice of the potential problem with the number of signatures on the subscribing witness statement, the belated explanation by the subscribing witness should have been offered when the parties were initially before Supreme Court.

Cardona, P. J., Mikoll, Crew III and Spain, JJ., concur.

Graffeo, J. (dissenting). I disagree that respondents' motion for renewal seeking to submit an affidavit of the notary setting forth a purported explanation of the alteration in the notary statement was improperly granted. Based on the objections and specifications filed pertaining to sheet seven of the opportunity to ballot petition, I find that respondent had inadequate notice of the nature of petitioner's challenge, warranting a request for reconsideration to respond to the specific allegation raised during proceedings before Supreme Court regarding the alteration in the notary statement.

Similar to the rationale employed by this Court in *Matter of Pulver v Allen* (242 AD2d 398, *lv denied* 90 NY2d 805), in light of the explanation offered by the notary and in the absence of any allegation of fraud, I conclude that the alteration in the number of signatures was an inconsequential error with respect to the first 10 signatures on sheet seven.

Ordered that the order entered August 14, 1998 is affirmed, without costs. Ordered that the order entered August 18, 1998

is reversed, on the law and the facts, without costs, and motion denied.