THIRD DEPARTMENT, OCTOBER, 1999

(October 7, 1999)

■ In the Matter of SCOTT T. HURST, Respondent, v BOARD OF ELECTIONS OF BROOME COUNTY, Appellant. [696 NYS2d 249] —Per Curiam. Appeal from a judgment of the Supreme Court (Coutant, J.), entered September 24, 1999 in Broome County,

which granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare valid the independent nominating petition naming petitioner as the Libertarian Party candidate for the office of City Council of the City of Binghamton, Sixth District, in the November 2, 1999 general election.

After petitioner filed an independent nominating petition naming him as the Libertarian Party candidate for the office of City Council from the Sixth District of the City of Binghamton, Broome County, objections were timely filed alleging, *inter alia*, that all 215 signatures on the petition were invalid based upon lack of compliance with the witness information requirement of Election Law § 6-140. Respondent invalidated the petition on that ground and petitioner commenced this proceeding to validate the petition. Supreme Court directed respondent to accept the petition and place petitioner's name on the ballot for the November 2, 1999 general election. Respondent appeals.

In addition to being the candidate, petitioner was also the witness for all 215 signatures on the petition. Each page of the petition names petitioner as the candidate, describes the public office and states petitioner's place of residence. The witness statement on each page names petitioner as the witness and affirms that he is a duly qualified voter of the State who is also qualified to sign the petition, followed by his residence address of "19 The Arena St., Binghamton, N. Y.". The witness identification information provision, however, which requires the town or city and county for the witness, is blank on each page.

Inasmuch as the petition contains sufficient information to clearly demonstrate that petitioner is a resident of the political subdivision in which the office is to be voted, all of the substantive requirements of witness eligibility have been satisfied (*see,* Election Law § 6-140 [1] [b]) and the omission of redundant witness identification information was an inconsequential violation of the statute (*see, Matter of Pulver v Allen*, 242 AD2d 398, 400, *lv denied* 90 NY2d 805). Although we have acknowledged that "[s]trict compliance with the town or city requirement [of] Election Law § 6-140 serves the legitimate purpose of facilitating the discovery of fraud" (*Matter of Zobel v New York State Bd. of Elections*, 254 AD2d 520, 522), petitioner's city of residence is clearly and accurately identified twice on each page of the petition, including each witness statement.

In *Matter of Zobel v New York State Bd. of Elections (supra)*, upon which respondent relies, the petition contained inaccurate information. Here, however, the information contained in the petition is accurate and sufficient to demonstrate that the

substantive requirements of witness eligibility have been satisfied. In these circumstances, and in the absence of any implication of fraud, the inconsequential violation of Election Law § 6-140 is insufficient to invalidate the independent nominating petition (*see, Matter of Pulver v Allen, supra,* at 400). Supreme Court's judgment is therefore affirmed.

Mikoll, J. P., Mercure, Yesawich Jr., Peters and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.