■ In the Matter of JEFFRY STERNBERG et al., Appellants, v TIMOTHY HILL et al., Constituting the Board of Elections of Sullivan County, et al., Respondents. [711 NYS2d 502] —Per Curiam. Appeal from a judgment of the Supreme Court (Kane, J.), entered February 1, 2000 in Sullivan County, which dismissed petitioners' application, in a proceeding pursuant to Election Law § 16-102, to invalidate the designating petition naming respondent Gary Sommers as the Conservative Party candidate for the office of Mayor of the Village of Monticello and respondents David Rosenberg and Victor Marinello as the Conservative Party candidates for the office of Trustee of the Village of Monticello in the February 1, 2000 primary election.

Petitioners commenced this proceeding to invalidate the designating petition naming Conservative Party candidates for the offices of Mayor and Trustee of the Village of Monticello, Sullivan County, in the February 1, 2000 primary election.

Supreme Court concluded that petitioners had failed to effect proper service on two of the three candidates and, on the merits, concluded that while three pages of the designating petition were invalid as a result of the insertion of the incorrect date of the primary election, the remaining page of the petition was valid. Inasmuch as the page found to be valid contained sufficient signatures to validate the petition, Supreme Court dismissed petitioners' application, prompting this appeal by petitioners.*

The page of the petition which Supreme Court found to be valid contains on each of the signature lines a correction of the month from "2-18-2000" to "1-18-2000", with each correction accompanied by the initials of the subscribing witness who signed the petition on January 18, 2000; the petition was filed with the Board of Elections the next day. Election Law § 6-134 (6) provides that "[a]n alteration or correction of information appearing on a signature line, *other than the signature itself and the date*, shall not invalidate such signature" (emphasis supplied). Urging a strict construction of the statutory language, petitioner Jeffry Sternberg contends that any alteration or correction of the date appearing on a signature line necessarily invalidates the signature. We disagree.

Pursuant to Election Law § 6-134 (10), "[t]he provisions of this section shall be liberally construed, not inconsistent with substantial compliance thereto and the prevention of fraud". Accordingly, in the absence of any suggestion of fraud, we agree with Supreme Court that, under these circumstances wherein the subscribing witness signed her initials next to the date corrections, such corrections are inconsequential and do not invalidate the signatures (*see generally*, *Matter of Collins v Kelly*, 253 AD2d 571; *Matter of Pulver v Allen*, 242 AD2d 398, *lv denied* 90 NY2d 805). Having so concluded, we need not decide any other issue.

Crew III, J. P., Peters, Spain, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

(February 28, 2000)

---

* Petitioner Constance Keller subsequently withdrew from participation in the appeal.