In the Matter of THOMAS J. CURLEY, Respondent, v ROSE ZACEK et al., Appellants, et al., Respondents. [803 NYS2d 221]—

Per Curiam. Appeal from a judgment of the Supreme Court (Nolan, Jr., J.), entered October 11, 2005 in Saratoga County, which partially granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to validate a petition nominating him as the Safe City Party candidate for the office of Commissioner of Public Safety of the City of Saratoga Springs in the November 8, 2005 general election.

Petitioner filed an independent nominating petition naming him as the Safe City Party candidate for the office of Commissioner of Public Safety of the City of Saratoga Springs in the November 8, 2005 general election. The petition contained a total of 588 signatures, more than the 480 signatures required. Respondents Rose Zacek, Matthew Hogan and Jennifer Hogan (hereinafter collectively referred to as respondents) thereafter filed written objections and specifications with respondent Saratoga County Board of Elections challenging the nominating petition. Ultimately, the Board disqualified 154 of the signatures appearing thereon, leaving only 434 viable signatures and, hence, invalidated the entire petition.

Petitioner then commenced the instant proceeding pursuant to Election Law § 16-102 seeking to validate the petition. A hearing ensued, at which petitioner limited his proof to 67 of the 154 signatures at issue, the bulk of which had been stricken due to alleged deficiencies in the subscribing witness statements. At the conclusion thereof, Supreme Court validated 59 signatures, raising the total of valid signatures to 493. Accordingly, Supreme Court declared the nominating petition valid and directed that petitioner be placed on the ballot in the November 8, 2005 general election. This appeal by respondents ensued.

Respondents' primary contention on appeal is that Supreme Court erred in validating a total of 30 signatures appearing on sheets 4, 5, 66 and 78 of the nominating petition because the town or city information contained in the "Witness Identification Information" portion of the subscribing witness statement incorrectly recited the town in which the subscribing witness resided. The record reflects that on each of the sheets in question, the subscribing witness, Ian Thomas, indicated that he resided at "764 Saratoga Road, Apt 20, Gansevoort, New York 12831." Thomas testified that he personally inserted that information on the relevant portion of the subscribing witness statement, and there is nothing in the record to suggest that Thomas does not in fact reside at that address.[1] Thomas did not, however, fill in the town or city information contained within the witness identification information portion of that statement, and whoever did so incorrectly listed the relevant town or city as either "Gansevoort" or "Saratoga Springs." The hamlet of Gansevoort lies within the Town of Wilton, Saratoga County, and therefore, "Wilton" should have appeared in the witness identification information portion of the subscribing witness statement.

Although we are mindful of our prior decision in *Matter of Zobel v New York State Bd. of Elections* (254 AD2d 520 [1998]), the unique dispute presented here is analogous to our recent decision in *Matter of Hurst v Board of Elections of Broome County* (265 AD2d 590 [1999]). In *Hurst*, the subscribing witness, who also was the petitioner and the candidate, neglected to complete the town or city and county information required in the witness identification information provision. His actual place

---

1. Although the Board's records show Thomas as residing at "762 Route 9, Apt 20, Gansevoort, New York 12831," the Election Law does not require that the residence address of the subscribing witness match the address on file with the Board (*see* Election Law § 6-140 [1] [b]; *cf. Matter of Bray v Marsolais*, 21 AD3d 1143, 1146 [2005]).

of residence, however, clearly and accurately was set forth in both the statement of witness section and elsewhere in the petition, and we therefore concluded that "the omission of redundant witness identification information was an inconsequential violation of [Election Law § 6-140 (1) (b)]" (*id.* at 591). In so doing, we distinguished *Zobel*, wherein the signer or subscribing witness provided incorrect town or city information on the petition, noting that in *Hurst*, "the information contained in the petition is accurate and sufficient to demonstrate that the substantive requirements of witness eligibility have been satisfied" (*id.* at 591-592).[2]

Here Thomas, a duly registered voter in Saratoga County, accurately and completely set forth his true place of residence when he completed the statement of witness contained on sheets 4, 5, 66 and 78 of the independent nominating petition, and Thomas testified that he personally gathered and witnessed each of the signatures contained thereon. In our view, given the particular circumstances of this case, the mere fact that the unidentified individual who thereafter completed the witness identification information on those sheets failed to appreciate that the hamlet of Gansevoort lies within the Town of Wilton is an inconsequential error that in no way warrants invalidation of the signatures witnessed by Thomas. Indeed, as noted previously, the Board's own records reveal that Thomas resides in Gansevoort. That being the case, the concerns identified by this Court in *Zobel*—namely, "the rapid and efficient verification of signatures within the restrictive time periods imposed by the Election Law" and "facilitating the discovery of fraud" (*Matter of Zobel v New York State Bd. of Elections, supra* at 522), simply are not present here. Stated another way, where, as here, the narrow violation at issue does not give rise to the possibility or inference of fraud, "resort to strict construction should be avoided if it would lead to injustice in the electoral process or the public perception of it" (*Matter of Pulver v Allen*, 242 AD2d 398, 400 [1997], *lv denied* 90 NY2d 805 [1997]).

Respondents' remaining contentions do not warrant extended discussion. As noted previously, Election Law § 6-140 (1) (b)

---

**2.** The Fourth Department reached a similar conclusion in *Matter of McManus v Relin* (286 AD2d 855 [2001], *lv denied* 96 NY2d 718 [2001]), wherein the subscribing witness was in the process of moving from one address to another during the signature-gathering period and provided his new address as a current address on some of the statements of witness he executed before he actually moved. Noting that both addresses fell within the correct political subdivision, and given that the substantive requirements of witness eligibility were not implicated, the Court concluded that invalidation of the underlying petition was not warranted.

does not require that the residence address of the subscribing witness match the address on file for that witness with the Board, and our prior decisions make clear that the fact that the address appearing on a voter's registration record differs from the address provided by that voter on the petition he or she signed does not provide a basis for invalidating the signature at issue (*see Matter of Bray v Marsolais*, 21 AD3d 1143, 1146 [2005]; *Matter of Robelotto v Burch*, 242 AD2d 397, 397-398 [1997]). Hence, Supreme Court properly declared valid the signatures appearing on sheets 71 and 76 of the petition, as well as the individual signatures appearing on sheet 27, line 3; sheet 45, line 8; sheet 50, line 4; sheet 70, line 8; sheet 85, line 8 and sheet 86, line 2. With respect to the uninitialed alterations to the subscribing witness statements appearing on sheets 5, 10 and 46 of the petition,[3] while it is true that an alteration to a subscribing witness statement that is neither explained nor initialed by the subscribing witness ordinarily results in invalidation of the signatures appearing on such page (*see e.g. Matter of Quinlin v Pierce*, 254 AD2d 690, 691 [1998]), where an explanation for the uninitialed change is provided by affidavit or testimony adduced at a hearing, the underlying signatures need not be nullified (*see Matter of Keal v Board of Elections of State of N.Y.*, 164 AD2d 962, 963 [1990]; *Matter of Gartner v Salerno*, 74 AD2d 958, 959-960 [1980], *lv denied* 49 NY2d 703, 704). Here, each of the three subscribing witnesses at issue testified that he or she carried the relevant page of the petition, collected the signatures appearing thereon and credibly explained the reason for the uninitialed alteration. Accordingly, we have no quarrel with Supreme Court's decision to validate the signatures witnessed by these individuals.

Crew III, J.P., Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

**3.** Supreme Court did not expressly rule on the uninitialed alteration appearing on sheet 5.