FOURTH DEPARTMENT, SEPTEMBER, 2007

(September 6, 2007)

■ In the Matter of JOHN M. ABRAHAM, JR., Respondent, v DENNIS E. WARD et al., Constituting the Erie County Board of Elections, Respondents, and PAUL T. BUMBALO, Appellant. [844 NYS2d 520]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered August 16, 2007 in a proceeding pursuant to Election Law article 16. The order granted the petition.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding seeking, inter alia, to invalidate the designating petition of Paul T. Bumbalo (respondent) for the office of Town Justice for the Town of Lancaster in the Democratic primary election to be held on September 18, 2007. Contrary to the contention of respondent, Supreme Court properly granted the petition on the ground that his designating petition did not contain the requisite number of signatures. "Essential to the integrity of the [designating] petition process is the subscribing witness's statement authorized by Election Law § 6-132 and particularly that portion of it which contains the total number of signatures on the petition sheet" (*Matter of Jonas v Velez*, 65 NY2d 954, 955 [1985]). Here, four sheets of the designating petition contain uninitialed and unexplained alterations to the statements of the subscribing witness, and thus the court properly determined that the signatures on those sheets were invalid (*see Matter of Quinlin v Pierce*, 254 AD2d 690 [1998]). In addition, a fifth sheet of the designating petition contains uninitialed and unexplained alterations of the dates on certain signature lines from "6/15/07" to "7/15/07" and, under the circumstances of this case, we cannot say that those alterations were "inconsequential" (*Matter of Sternberg v Hill*, 269 AD2d 730, 731 [2000]). Present—Scudder, P.J., Martoche, Centra, Green and Pine, JJ.