■ In the Matter of AMY ROSMARIN et al., Appellants, v THOMAS J. BELCASTRO, Respondent, et al., Respondent. [848 NYS2d 195]—

In a proceeding pursuant to Election Law § 16-102 to validate a petition designating Amy Rosmarin and Mary Elizabeth Reeves as candidates of the North Salem Coalition, an independent party, for the public office of Council Member of the Town of North Salem, in a general election to be held on November 6, 2007, the petitioners appeal (1) from a final order of the Supreme Court, Westchester County (Donovan, J.), dated October 2, 2007, which denied the petition and dismissed the proceeding, and (2), as limited by their brief, from so much of an order of the same court dated October 22, 2007, as, upon reargument, adhered to the original determination.

Ordered that the final order dated October 2, 2007 is reversed, on the law, without costs or disbursements, so much of the order dated October 22, 2007, as, upon reargument, adhered to the original determination denying the petition and dismissing

the proceeding is vacated, the petition is granted, and the Westchester County Board of Elections is directed to place the petitioners' names on the appropriate ballot; and it is further,

Ordered that the appeal from the order dated October 22, 2007 is dismissed as academic, without costs or disbursements, in light of the determination of the appeal from the final order dated October 2, 2007.

" '[A]lteration of a [witness] statement which is unexplained and uninitialed will result in the invalidation of the petition sheet' even if the alterations 'resulted in the manifestation of correct information' " (*Matter of McGuire v Gamache,* 5 NY3d 444, 448 [2005], quoting *Matter of Jonas v Velez,* 65 NY2d 954, 955 [1985]). However, "where an explanation for the uninitialed change is provided by affidavit or testimony adduced at a hearing, the underlying signatures need not be nullified" (*Matter of Curley v Zacek,* 22 AD3d 954, 957 [2005]).

Here, the subscribing witness to sheet No. 7 of the designating petition failed to initial or date a crossed-out signature, which was her own. The alteration was explained by the subscribing witness's uncontroverted testimony that she did not know that she was not permitted to sign the designating petition for which she was a subscribing witness. The subscribing witness further testified that she inadvertently failed to initial or date the crossed-out signature. Thus, the court erred in invalidating the remaining eight signatures on that sheet. The inclusion of the eight signatures on sheet No. 7 provides the required number of valid signatures on the designating petition.

The remaining contentions are without merit. Goldstein, J.P., Skelos, Fisher and Covello, JJ., concur.