■ In the Matter of NATHAN M. OBERMAN, Respondent-Appellant, v ROBERT ROMANOWSKI, Appellant-Respondent, et al., Respondents. [885 NYS2d 103]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Robert Romanowski and Mark S. Lerer as candidates in a primary election to be held on September 15, 2009 for the nomination of the Republican Party as its candidates for the public offices of Supervisor of the Town of Ramapo and Town Justice of the Town of Ramapo, respectively, Robert Romanowski appeals from a final order of the Supreme Court, Rockland County (Garvey, J.), entered August 19, 2009, which granted the petition to invalidate the designating petition and, in effect, restrained the Rockland County Board of Elections from placing his name and the name of Mark S. Lerer on the ballot, and the petitioner cross-appeals from the same final order.

Ordered that the cross appeal is dismissed, without costs or disbursements, as the petitioner is not aggrieved by the final order (*see* CPLR 5511; *Village of Mamaroneck v Town of Rye*, 45 AD3d 577, 578 [2007]); and it is further,

Ordered that the appeal from so much of the final order as granted that branch of the petition which was to invalidate the designating petition insofar as it relates to Mark S. Lerer and as, in effect, restrained the Rockland County Board of Elections from placing the name of Mark S. Lerer on the ballot is dismissed, without costs or disbursements, as the appellant-respondent is not aggrieved by those portions of the final order (*see* CPLR 5511); and it is further,

Ordered that the final order is reversed insofar as reviewed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Rockland County, for further proceedings, to be held forthwith, in accordance herewith.

Although an " 'alteration of the [witness] statement which is unexplained and uninitialed will result in the invalidation of the petition sheet' even if the alterations 'resulted in the manifestation of correct information' " (*Matter of McGuire v Gamache*, 5 NY3d 444, 448 [2005], quoting *Matter of Jonas v Velez*, 65 NY2d 954, 955 [1985]), "where an explanation for the uninitialed change is provided by affidavit or testimony adduced at a hearing, the underlying signatures need not be nullified" (*Matter of Curley v Zacek*, 22 AD3d 954, 957 [2005]; *see Matter of Rosmarin v Belcastro*, 44 AD3d 1055 [2007]). Here, the Supreme Court invalidated the instant designating petition insofar as it relates to Robert Romanowski on the ground that the witness statements on several petition sheets contained uninitialed alterations. However, Romanowski was not afforded an opportunity to offer evidence relating to these alterations. Under these circumstances, we remit the matter to the Supreme Court, Rockland County, for an evidentiary hearing on the uninitialed alterations at issue, and thereafter for a new determination of that branch of the petition which was to invalidate the designating petition insofar as it relates to Romanowski.

The petitioner's remaining contentions, including those raised as an alternative ground for affirmance (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545 [1983]), are without merit. Mastro, J.P., Leventhal, Chambers and Roman, JJ., concur.