*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  August 21, 2014                    519488
_____

In the Matter of PAUL C.
    VanSAVAGE,
                        Respondent,

        v

DENVER JONES,
                        Appellant,
                        et al.,
                        Respondents.

(Proceeding No. 1.)

_____

In the Matter of DENVER JONES,          MEMORANDUM AND ORDER
    Individually and on Behalf
    of all Signers of a
    Petition Filed Pursuant to
    Election Law § 6-134,
                        Appellant,

        v

GREGORY PETERSON et al., as
    Commissioners Constituting
    the New York State Board of
    Elections,
                        Respondents,

        and

PAUL C. VanSAVAGE et al.,
                        Respondents.

(Proceeding No. 2.)

_____


Calendar Date:  August 21, 2014

Before:  McCarthy, J.P., Garry, Egan Jr., Lynch and Clark, JJ.

_____

Douglas Walter Drazen, Binghamton, for appellant.

Sinnreich, Kasakoff & Messina LLP, Central Islip (John Ciampoli of counsel), for Paul C. VanSavage and another, respondents.

_____

Per Curiam.

Appeal from an order of the Supreme Court (McNamara, J.), entered August 18, 2014 in Albany County, which, among other things, granted petitioner's application, in proceeding No. 1 pursuant to Election Law § 16–102, to declare invalid the designating petition naming respondent Denver Jones as the Republican Party candidate for the public office of State Senator for the 52nd Senate District in the September 9, 2014 primary election.

Denver Jones filed a designating petition with the New York State Board of Elections seeking to be nominated as the Republican Party candidate for the public office of State Senator for the 52nd Senate District in the September 9, 2014 primary election.  After objections were filed, the State Board issued a determination on August 1, 2014 that invalidated Jones' designating petition, finding that, of the 1,713 signatures claimed to be filed, 743 signatures were invalid, leaving Jones with 970 signatures, 30 short of the 1,000 signatures required to receive the designation.  In the interim, Paul C. VanSavage commenced proceeding No. 1 pursuant to Election Law § 16–102 seeking to invalidate Jones' designating petition on numerous grounds, including fraud.  Subsequent to the State Board's determination, Jones commenced proceeding No. 2 pursuant to Election Law § 16–102 seeking to validate the designating petition.  Following a hearing, Supreme Court found, among other things, that Jones' designating petition was permeated by fraud and invalidated it.  Jones appeals.

Initially, Supreme Court erred in invalidating the designating petition based upon alleged fraud on the part of Jones. A designating petition will be invalidated if the challenger shows, by clear and convincing evidence, "'that the entire petition is permeated with fraud or that the candidate participated in, or can be charged with knowledge of, fraudulent activity'" (Matter of Valenti v Bugbee, 88 AD3d 1056, 1057 [2011], quoting Matter of Kraham v Rabbitt, 11 AD3d 808, 809 [2004]). Here, VanSavage contends that Jones participated in the fraudulent activity himself inasmuch as, while collecting signatures on petitions, he falsely attested to signatures he knew to be nonauthentic. To that end, VanSavage presented a handwriting expert who testified that, on various pages on which Jones was the subscribing witness, several of the signatures were written by the same person.

In response, Jones testified to a particular incident in a pizza parlor during which, after handing the petition to a group of four people who had each identified themselves and stated that they were Republican voters, he turned to answer a question from another patron. Jones related that, while he had assumed that the petition was being passed around to be signed by each person, he mistakenly stopped paying attention and it was possible that one of those people had signed for the other three. Jones further stated that he did not examine the signatures afterward and that he was unaware that there was a problem until the day he received objections to his petition. Jones also testified that he had no recollection of the other instances in which it appeared that more than one signature was provided by the same person, but he stated that he would not allow people to take petitions into their homes for other people to sign and would not accept the signatures of one spouse for another. Inasmuch as Supreme Court explicitly found Jones' testimony to be "very candid and honest" and VanSavage failed to submit any evidence that Jones knowingly accepted fraudulent signatures, we do not find clear and convincing evidence that Jones "acted fraudulently or did anything that would warrant invalidating the entire designating petition" (Matter of Nolin v McNally, 87 AD3d 804, 806 [2011]; see Matter of Bonner v Negron, 87 AD3d 737, 739-740 [2011]).

The petition not having been invalidated based upon fraud, it is still incumbent upon Jones to demonstrate that he has the 1,000 valid signatures necessary to qualify for inclusion on the ballot. In that vein, we turn first to his contention that Supreme Court erred in upholding the invalidation of the signatures appearing on sheets 5-7, 14-17, 19-22 and 25-26 of the designating petition because the "Witness Identification Information" portion of the subscribing witness statement requesting "Town or City" and "County" were left blank. The witness identification information on designating petitions is intended to allow for "the rapid and efficient verification of signatures within the restrictive time periods imposed by the Election Law" to facilitate the discovery of fraud (Matter of Zobel v New York State Bd. of Elections, 254 AD2d 520, 522 [1998]; see Matter of Curley v Zacek, 22 AD3d 954, 956 [2005], lv denied 5 NY3d 714 [2005]). Thus, where the complete residence address of the subscribing witness appears elsewhere on the same page of the petition, an error in providing the witness identification information has been held to be "an inconsequential violation" and not a fatal defect (Matter of Curley v Zacek, 22 AD3d at 956; see Matter of Arcuri v Hojnacki, 32 AD3d 658, 660 [2006], lv denied 7 NY3d 707 [2006]). Here, the subscribing witness provided her complete address in the "Statement of Witness" section on each of the petition pages at issue and her name and complete address also appears at the top of each page as a member of the committee to fill vacancies. In addition, she submitted an affidavit that stated that she carried the petition pages at issue and that her correct residential address appeared on each page. Thus, absent any indication of fraud or record evidence that the subscribing witness did not reside at the address provided, we find that the signatures contained on those pages of the petition should not have been invalidated (see Matter of Arcuri v Hojnacki, 32 AD3d at 660; Matter of Curley v Zacek, 22 AD3d at 956; see also Matter of Powers v Kozlowski, 54 AD3d 540, 541-542 [2008], lv denied 11 NY3d 701 [2008]). Accordingly, a total of 125 signatures should be reinstated to Jones' total.[1]

_____

   [1] One signature on page 14 of the designating petition had been invalidated by the State Board on separate grounds.

Jones next contends that Supreme Court erred in invalidating the petition sheets circulated by Daniel McNett, pages 76 to 94, on the grounds that McNett's voter registration had been cancelled because he did not reside at the address claimed on his registration form and because he had previously been convicted of a felony.  Because disenfranchisement is a drastic punishment, Election Law § 5-402 requires that a voter's registration may not be cancelled until after a board of elections has notified the voter of its intention to cancel and gives him or her the opportunity to be heard (see Matter of Engel v Board of Elections of State of N.Y., 143 AD2d 291, 292 [1988], lv denied 72 NY2d 805 [1988]; Nesci v Canary, 112 AD2d 1056, 1057 [1985], lv denied 65 NY2d 607 [1985]).  Here, the record demonstrates that McNett was a registered voter during the first two weeks of July 2014, when he collected signatures for Jones and they were submitted to the State Board, and the process for cancelling his registration did not commence until July 22, 2014. Accordingly, the signatures that McNett collected were valid, and Supreme Court erred in finding otherwise; thus, 44 signatures should be added to Jones' total (see Matter of Hudson v Board of Elections of City of N.Y., 207 AD2d 508, 509 [1994]; Matter of Engel v Board of Elections of State of N.Y., 143 AD2d at 292; Nesci v Canary, 112 AD2d at 1057; see generally Matter of Robelotto v Burch, 242 AD2d 397, 398 [1997]).[2]

Jones lastly contends that the State Board erred in invalidating pages 95, 97, 98, 102 and 111 of his designating petition, all carried by Marc Romain, on various grounds.  We

---

[2]  Although the State Board ostensibly counted all of the valid signatures on the pages witnessed by McNett in its total of 970, the record demonstrates otherwise.  Examining the State Board's staff work sheet of objections with respect to petition pages 83, 84, 85 and 86, individual objections were sustained to, respectively, no signatures, three signatures, three signatures and nine signatures on those pages.  Inexplicably, however, the State Board invalidated all of the signatures on those pages in its final tally.  Because no other reason appears in the record for having invalidated the 44 remaining signatures, we find those to be properly added back to Jones' total.

first address pages 95 and 97, which were disallowed based upon certain changes to the witness statements.  While alterations to a witness statement that are unexplained and uninitialed will ordinarily result in the invalidation of the petition page even where the alterations result in the provision of correct information, the underlying signatures need not be nullified where an explanation is provided by affidavit or testimony (see Matter of Oberman v Romanowski, 65 AD3d 992, 993 [2009]; Matter of Curley v Zacek, 22 AD3d at 957).  Here, Romain submitted an affidavit that explained the alterations he made to the witness name on page 95 and to the date on page 97 of the petition.  In light of this uncontroverted explanation, the State Board erred in invalidating all of the signatures contained on pages 95 and 97 of Jones' petition and, consequently, the 15 signatures on those two pages not invalidated by the State Board for other reasons should be counted (see Matter of Rosmarin v Belcastro, 44 AD3d 1055, 1056 [2007]; Matter of Curley v Zacek, 22 AD3d at 957).  Similarly, absent any allegation of fraud, the overstatement of the signature totals on pages 102 and 111 of Jones' petition was not such a gross irregularity as to warrant invalidation of the entire pages and, thus, the 19 signatures on those two pages not invalidated by the State Board for other reasons should have been counted (see Matter of Rancourt v Magill, 87 AD3d 656, 657 [2011]; see generally Matter of Barrett v Scaringe, 112 AD2d 1095, 1096-1097 [1985], affd 65 NY2d 946 [1985]).  However, with respect to page 98 of the petition, we find that the State Board properly invalidated all of the signatures on that page, inasmuch as Romain failed to provide a complete residence address (see Matter of Henry v Trotto, 54 AD3d 424, 426-427 [2008]; Matter of Gleason v Longo, 133 AD2d 289, 290 [1987]; Matter of Liepshutz v Palmateer, 112 AD2d 1101, 1103 [1985], affd 65 NY2d 965 [1985]).

Both VanSavage and Jones further contend that there were additional signatures on Jones' designating petition that should have been invalidated or validated.  Supreme Court declined to take evidence with respect to those arguments and this Court is unable to resolve those questions based upon the record before us.  For that reason, we remit to Supreme Court for further proceedings on issues not decided herewith.  Pursuant to our determinations here, 203 signatures that were declared invalid by

either Supreme Court or the State Board should be reinstated to the total found valid by the State Board, giving Jones 1,173 signatures on his designating petition and presumptively qualifying him to participate in the primary election.

McCarthy, J.P., Garry, Egan Jr., Lynch and Clark, JJ., concur.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted the application in proceeding No. 1 and dismissed the application in proceeding No. 2; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court