Matter of Mills v New York State Bd. of Elections (2022 NY Slip Op 04607)

Matter of Mills v New York State Bd. of Elections

2022 NY Slip Op 04607

Decided on July 15, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 15, 2022

535682
[*1]In the Matter of Aisha Mills, Respondent,
v
New York State Board of Elections et al., Respondents, and Amee Peterson, Appellant.

Calendar Date:July 15, 2022

Before:Garry, P.J., Clark, Reynolds Fitzgerald, Ceresia and McShan, JJ.

Harris Beach PLLC, Uniondale (Jared A. Kasschau of counsel), for appellant.
David Jensen PLLC, Beacon (David D. Jensen of counsel), for Aisha Mills, respondent.

Per Curiam.
Appeal from an order of the Supreme Court (O'Connor, J.), entered July 7, 2022 in Albany County, which, among other things, granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare valid the designating petition naming petitioner as the Democratic Party candidate for the public office of Member of the United States House of Representatives for the 18th Congressional District in the August 23, 2022 primary election.
A designating petition was filed with respondent State Board of Elections purporting to nominate petitioner as the Democratic Party candidate for the public office of Member of the United States House of Representatives for the 18th Congressional District in the August 23, 2022 primary election. Respondent Amee Peterson (hereinafter respondent), an enrolled member of the Democratic Party and registered voter in the 18th Congressional District, filed general and specific objections with the Board challenging various signatures on the designating petition. Following a hearing, the Board issued a determination invalidating certain signatures and, as a result, declaring the designating petition to be invalid for failing to contain the requisite number of valid signatures to receive the designation in question.
Petitioner thereafter commenced this proceeding pursuant to Election Law § 16-102 to declare the designating petition valid, alleging that the Board had incorrectly invalidated certain signatures. Supreme Court held a one-day hearing — wherein petitioner submitted multiple affidavits in support of the petition — and issued a bench decision reinstating certain signatures that had been previously invalidated by the Board. In a written order, which incorporated by reference its bench decision, the court held that the designating petition contained the requisite number of signatures and, thus, was valid, and awarded costs and disbursements to petitioner. Respondent appeals.
Respondent's primary argument on appeal is that Supreme Court erred in admitting and considering the affidavits submitted by petitioner in explanation of certain alterations to various subscribing witness statements. Pertinent here, Election Law § 6-132 requires that a subscribing witness provide a form statement reflecting his or her name, party enrollment, residence address, and the number of individuals on the relevant petition sheet whose signatures were witnessed and the date on which they were witnessed, as well as the signature of the subscribing witness. "While alterations to a witness statement that are unexplained and uninitialed will ordinarily result in the invalidation of the petition page even where the alterations result in the provision of correct information, the underlying signatures need not be nullified where an explanation is provided by affidavit or testimony" (Matter of VanSavage v Jones, 120 AD3d 887, 890 [2014] [citations omitted], lv dismissed 23 NY3d 1045 [2014], lv denied 24 NY3d 901 [2014[*2]]; see Matter of Salka v Magee, 164 AD3d 1084, 1096 [2018], lv denied 31 NY3d 914 [2018]). The affidavits at issue were submitted by petitioner in explanation of various alterations made by four subscribing witnesses to their respective statements. In this regard, the alterations involve corrections made to either the date on which signatures were witnessed or the number of signatures witnessed. In their respective affidavits, each subscribing witness explained that the alterations were made to correct inadvertent errors, that the alterations reflected the correct information and that each was unaware that an alteration was required to be initialed.
Contrary to respondent's contention on appeal, we agree with Supreme Court that the submitted affidavits were sufficient to explain the alterations at issue, such that the affected signatures need not be nullified (see Matter of Salka v Magee, 164 AD3d at 1087; Matter of VanSavage v Jones, 120 AD3d at 890; Matter of Curley v Zecek, 22 AD3d 954, 957 [2005], lv denied 5 NY3d 714 [2005]; Matter of Gartner v Salerno, 74 AD2d 958, 959 [1980], lvs denied 49 NY2d 703, 704 [1980]; compare Matter of Hunter v Compagni, 74 AD2d 1000, 1001 [1980]). We are similarly unpersuaded by respondent's contention that, given the fact that petitioner submitted the affidavits at the outset of the one-day hearing, she was unfairly denied the right to cross-examine these witnesses. Notably, the record reflects that, despite respondent's objection to the admission of the affidavits, she made no attempt to identify or call any potential witnesses nor did she request an adjournment for this purpose. As such, and given that respondent made "no suggestion [before Supreme Court] that the witnesses were lying in their affidavits or that the petition was permeated with fraud," we find no basis to conclude that cross-examination would have been useful (Matter of Gartner v Salerno, 74 AD2d at 960).[FN1] In this vein, to the extent that respondent's arguments on appeal can be interpreted as suggesting that the alterations and affidavits at issue collectively indicate that the petition was permeated with fraud, such arguments are unpreserved as they were not raised before Supreme Court (see CPLR 5501 [a] [3]; Matter of Walker v Buttermann, 164 AD3d 1081, 1084 [2018]).
We further find that petitioner's validation petition provided respondent with sufficient notice of the specific invalidated signatures that she sought to restore through further explanation of the alterations at issue, and that respondent, who agreed to proceed on the merits without requesting an adjournment, was afforded an adequate opportunity to respond (see e.g. Matter of Walker v Buttermann, 164 AD3d at 1083). Accordingly, and as petitioner was permitted to submit the affidavits in question — which were not previously available — in order to explain the relevant alterations and establish that the designating petition had not been tampered with, Supreme Court did [*3]not err in accepting and considering petitioner's curative affidavits in rendering a determination on the merits (see CPLR 409 [a], [b]; Matter of Walker v Buttermann, 164 AD3d at 1083; Matter of Gartner v Salerno, 74 AD2d at 959-960). Finally, in view of the foregoing, we find no error in Supreme Court's award of costs and disbursements to petitioner (see CPLR 8101; Gage v Monescalchi, 17 AD3d 770, 770-771 [2005]).
Garry, P.J., Clark, Reynolds Fitzgerald, Ceresia and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Respondent raised the mere potential for fraud on a single occasion pertaining to the alteration to the subscribing witness statement on sheet 49 and the affidavit explaining that alteration. We find that respondent's contention amounted to nothing more than speculation and was insufficient to necessitate cross-examination of the affiant. Moreover, even if we found that respondent's challenge to that single affidavit had merit and invalidated the four signatures at issue, petitioner would still have a sufficient number of valid signatures to remain on the ballot (see Matter of Fatata v Phillips, 140 AD3d 1295, 1296 n 1 [2016]; Matter of Kraham v Rabbitt, 11 AD3d 808, 810 [2004]; see also Matter of Toles v Quintana, 183 AD3d 1290, 1292 [2020], lv denied 35 NY3d 905 [2020]).