| |
|---|
| **Matter of Kinowski v McCoy** |
| 2025 NY Slip Op 31503(U) |
| April 29, 2025 |
| Supreme Court, Saratoga County |
| Docket Number: Index No. EF20251348 |
| Judge: James E. Walsh |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SARATOGA

---

In the Matter of the Application of
EDWARD D. KINOWSKI,

                    Petitioner-Candidate Aggrieved,

     -against-

ROBERT McCOY,

                   Respondent-Candidate,

     -and-

SARATOGA COUNTY BOARD OF ELECTIONS, by
JOSEPH SUHRADA and CASSANDRA BAGRAMIAN
CONSTITUTING COMMISSIONERS,

              Respondents,

For an Order Pursuant to Sections 16-100,
16-102(1), (2) and 16-116 of the Elections Law,
And CPLR Section 3001, Declaring Invalid the
Republican Party Designating Petitions Purporting
To Nominate Robert McCoy as a Candidate for the
Public Office of Town of Stillwater Town Supervisor,
In the State of New York, in the Primary Election to be
Held June 24, 2025, and to Restrain the said Saratoga
County Board of Elections from Printing and Placing the
Name Robert McCoy on the Republican Party line on
Official Ballots of Such Primary and/or General Election.

---

**DECISION AND
ORDER**

RJI # 45-1-2025-0523
Index #EF20251348

---

**Appearances:**

Adam Fusco, Esq.
Fusco Law Office
Attorneys for Petitioner-Aggrieved Candidate Edward D. Kinowski
P.O. Box 7114
Albany, New York 12224

Joel E. Abelove, Esq.
Abelove Law, P.C.
Attorneys for Respondent-Candidate Robert McCoy
1702a Central Avenue
Albany, New York 12205

George P. Conway, Esq.
Saratoga County Attorney
Attorneys for Respondent Saratoga County Board of Elections
40 McMaster Street
Ballston Spa, New York 12020

Walsh, J.

The instant matter is brought on by Petition and Order to Show Cause under Article 16 of the NYS Election Law, filed on April 14, 2025, and made returnable on April 24, 2025. A hearing was conducted by the Court on April 24, 2025 and the parties were directed to file any post-hearing submissions to the Court by April 28, 2025 at 9:00 a.m., which both parties have done.[1] Petitioner-Candidate Aggrieved Kinowski (Petitioner) submits that Respondent-Candidate engaged in fraudulent conduct in collecting signatures for designating petitions and must be stricken from the ballot. Respondent-Candidate objects and submits that a sufficient number of valid signatures have been presented to secure access to the ballot in the primary election to be conducted on June 24, 2025.

The parties stipulated that 145 valid signatures were required to secure access to the position of Town Supervisor for the Town of Stillwater (see Election Law §6-136) and that Respondent-Candidate witnessed each nominating petition on the

---

[1] Consistent with its position during the proceedings, Respondent Saratoga County Board of Elections provided the required evidence, but did not take a position on the relief requested in post-hearing submissions.

[* 2]

Republican line that was submitted to constitute his application to the Saratoga County Board of Elections. Each petition contained a jurat for the subscribing witness, which reads as follows:

> I, _____, state: I am a duly qualified vote of the State of New York and am an enrolled voter of the Republican Party. I now reside at (residence address) _____. Each of the individuals whose names are subscribed to this petition sheet containing, (FILL IN NUMBER) ____ signatures, subscribed the same in my presence on the dates above indicated and identified himself or herself to be the individual who signed this sheet. I understand that this statement will be accepted for all purposes as the equivalent of an affidavit and, if it contains a material false statement, shall subject me to the same penalties as if I had been duly sworn. (See NYS Election Law Section 6-132)

As an aggrieved candidate, Kinowski "was not required to file objections and specifications to the petition prior to commencing [the invalidation] proceeding." *Matter of Magee v. Camp*, 253 AD2d 573 [3rd Dept. 1998].

On each petition, Respondent-Candidate filled in his name, address and number of signatures contained on the petition, and signed his name. Petitioner alleges that on at least two of the nominating petitions, a wife signed for her husband, outside the presence of the subscribing witness. Respondent-Candidate testified and acknowledged that on each occasion, the challenged voters took his clipboard containing the petitions into the house and re-emerged with the signatures purporting to be those of their respective spouses. Respondent-Candidate testified that he did not view this approach to be incorrect and that no fraud was intended. The Court credits Respondent-Candidate's testimony as forthright and credible, albeit misguided and in error.

Page 3 of 6

"A court will invalidate a designating petition where the challenger establishes, by clear and convincing evidence, 'that the entire petition is permeated with fraud or that the candidate participated in, or can be charged with knowledge of, fraudulent activity.' *Mattice v. Hammond*, 131 AD3d 790 [3rd Dept. 2015], citing *Matter of VanSavage v. Jones*, 120 AD3d 887, 888 [3rd Dept. 2014]. Further, "[w]here a candidate is involved in the fraud, the challenger need not show that the fraud permeated the entire petition." *Mattice* at 790. In *Mattice*, the Third Department ruled that the candidate-subscribing witness signed the witness attestation that he personally witnessed each signature, when he did not, constituted fraud and that, regardless of the intent to deceive or defraud, all of the candidate-witness' petitions were required to be invalidated. In contrast, the *Jones* case involved a single instance where a petition was passed around at a pizza shop, while the candidate-witness was distracted talking to another patron. The Third Department in *Jones* found that the proof was lacking to show by clear and convincing evidence that the candidate-witness knowingly accepted fraudulent signatures and did not "warrant invalidating the entire designating petition." *Jones* at 888.

Here, the fact pattern presented mirrors *Mattice*, where the candidate-witness permitted signatures to be applied to the petition outside of his presence and then swore that he personally witnessed all such signatures. "[W]here a candidate's own knowledge or activities are at issue, candidates are held to a higher standard under the Election Law than noncandidates. Absent permeation with fraud, a designating petition may be invalidated where the candidate has participated in or is chargeable

Page 4 of 6

with knowledge of the fraud." *Matter of Felder v. Storobin*, 100 Ad3d 11 [2nd Dept. 2012], citing *Matter of Lavine v. Imbroto*, 98 AD3d 620 [2nd Dept. 2012]  By clear and convincing evidence, Petitioner has shown that Respondent-Candidate engaged in fraud, albeit, perhaps unintended, which requires that the designating petitions for McCoy for the public office of Town Supervisor of the Town of Stillwater as a candidate for the Republican Party be invalidated.

Accordingly, the relief sought in Petitioner-Aggrieved Candidate Kinowski's petition to invalidate the designating petitions of Respondent-Candidate McCoy is granted and the Saratoga County Board of Elections shall be restrained from printing and placing the name Robert McCoy on the Republican Party line on any official ballots of the primary and/or general election for the position of Supervisor for the Town of Stillwater. This shall constitute the Decision and Order of the Court. No costs are awarded to any party. The Court is hereby uploading the original Decision and Order into the NYSCEF system for filing and entry by the County Clerk. Petitioner's counsel is still responsible for serving notice of entry of this Decision and Order in accordance with the Local Protocols for Electronic Filing for Saratoga County.

Signed at Ballston Spa, New York
this 29th day of April, 2025

_____
Hon. James E. Walsh
Supreme Court Justice

**Papers reviewed and considered:**

Verified Petition, filed on April 14, 2025, with Attorney Verification and Exhibit A

Page 5 of 6

Attorney Affirmation in support of Verified Petition of Adam M. Fusco, Esq., dated April 14, 2025

Answer in a Special Proceeding on behalf of Respondent-Candidate, filed on April 23, 2025

Attorney Affirmation in support of Verified Petition of Adam M. Fusco, Esq., dated April 23, 2025

Affidavit of Judith Bussing, sworn to April 13, 2025

Affidavit of Nancy Rasner, sworn to April 14, 2025

Proof adduced at hearing conducted on April 24, 2025

Post-Hearing Memorandum on behalf of Respondent-Candidate McCoy of Joel E. Abelove, Esq., filed on April 27, 2025

Letter/Correspondence to Judge in further support of Respondent-Candidate McCoy of Joel E. Abelove, Esq., filed on April 28, 2025 with Exhibit

Post-Hearing Memorandum Affirmation on behalf of Petitioner-Aggrieved Candidate Kinowski of Adam M. Fusco, Esq., filed on April 28, 2025