| Matter of Brown v Mahan |
| :---: |
| 2025 NY Slip Op 31501(U) |
| April 29, 2025 |
| Supreme Court, Saratoga County |
| Docket Number: Index No. EF20251374 |
| Judge: James E. Walsh |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SARATOGA

_____

In the Matter of the Application of
JEFFREY R. BROWN,

                   Petitioner-Candidate Aggrieved,

    -and-

CHRIS O'HARA,

                Petitioner-Objector

    -against-

RYAN MAHAN,

                Respondent-Candidate,

    -and-

SARATOGA COUNTY BOARD OF ELECTIONS,

                Respondents,

For an Order Pursuant to Sections 16-100,
16-102(1), (2) and 16-116 of the Election Law,
And CPLR Section 3001, Declaring Invalid the
Republican Party Designating Petitions Purporting
To Nominate Ryan Mahan as a Candidate for the
Public Office of Saratoga County Sheriff,
In the State of New York, in the Primary Election to be
Held June 24, 2025, and to Restrain the said Saratoga
County Board of Elections from Printing and Placing the
Name Ryan [Mahan] on the Republican Party line on
Official Ballots of Such Primary and/or General Election.

_____

**DECISION AND
ORDER**

RJI # 45-1-2025-0525
Index #EF20251374

**Appearances:**

John J. Ciampoli, Esq., Of Counsel to Fusco Law Office
Attorneys for Petitioners
Capitol Station
P.O. Box 7114
Albany, New York 12224

Page 1 of 7

Joel E. Abelove, Esq.
Abelove Law, P.C.
Attorneys for Respondent-Candidate Ryan Mahan
1702a Central Avenue
Albany, New York 12205

George P. Conway, Esq.
Saratoga County Attorney
Attorneys for Respondent Saratoga County Board of Elections
40 McMaster Street
Ballston Spa, New York 12020

Walsh, J.

The instant matter is brought on by Petition and Order to Show Cause under Article 16 of the New York State Election Law, filed on April 15, 2025, and made returnable on April 25, 2025. A hearing was conducted by the Court on April 25, 2025 and the parties were directed to file any post-hearing submissions to the Court by April 28, 2025 at 1:00 p.m., which both parties have done.[1] Petitioner-Candidate Aggrieved Brown (Petitioner) asserts that Respondent-Candidate engaged in fraudulent conduct in collecting a signature for designating petitions and must be stricken from the ballot. Petitioner-Objector contends that four other signatures are permeated with fraud, as obtained by other subscribing witnesses. Respondent-Candidate argues that the candidate did not knowingly engage in any fraudulent conduct, nor witness any such fraud, and that a sufficient number of valid signatures

---

[1] Consistent with its position during the proceedings, Respondent Saratoga County Board of Elections provided the required evidence, but did not take a position on the relief requested in post-hearing submissions.

have been presented to secure access to the ballot in the primary election to be conducted on June 24, 2025.

The parties stipulated that 1,000 valid signatures were required to secure access to the ballot on the Republican party line for the position of Saratoga County Sheriff (*see* Election Law §6-136). Respondent-Candidate submitted 1,440 signatures and Petitioners objected to 355 as invalid. Respondent-Candidate witnessed several nominating petitions that were submitted as part of his application to the Saratoga County Board of Elections. As an aggrieved candidate, Petitioner Brown "was not required to file objections and specifications to the petition prior to commencing [the invalidation] proceeding." *Matter of Magee v. Camp*, 253 AD2d 573 [3rd Dept. 1998].

Petitioners assert that Respondent-Candidate engaged in fraud on one petition where Judith Bussing admitted that she signed her husband's name outside of Respondent-Candidate's presence, which he attested to witnessing. Petitioners also asserted that Marybeth Sauter signed her husband's name on a petition carried by John Gaba and stated in her affidavit that she thought she was signing the petition in favor of Petitioner Brown. Yvonne Knights submitted an affidavit that she signed for her husband on a petition carried by Kyle Loucks. Sarah Esson and Franklin Esson submitted affidavits attesting to signing a petition carried by John Gaba, but that they thought that Gaba himself was the candidate, not Respondent-Candidate Mahan.

"A candidate's designating petition will be invalidated on the ground of fraud if there is a showing that the entire petition is permeated with fraud." *Matter of*

*Felder v. Storobin*, 100 AD3d 11, 15 [2nd Dept. 2012]. "Even when the designating petition is not permeated with fraud, the petition generally will be invalidated where the candidate has participated in or is chargeable with knowledge of the fraud." *Matter of Volino v. Calvi*, 87 AD3d 657, 658 [2nd Dept. 2011]. Here, four instances of fraud are alleged concerning the Sauter, Knights and Essons signatures. Each signature was procured by a subscribing witness other than the candidate and no proof was adduced that Respondent-Candidate participated in or was aware of any alleged impropriety. Further, as such constituted only four of more than 1400 such signatures, it cannot be said that this alleged fraud permeates the entire petition. *See, Matter of Steinert v. Daly*, 118 AD3d 808 [2nd Dept. 2014].

Turning to the allegation regarding the Bussing signature, the allegation is that Judith Bussing signed her husband Douglas' name, outside the presence of Respondent-Candidate, who then attested to personally witnessing the signature. The subject petition, just like all petitions at issue here, contained a jurat for the subscribing witness, which reads as follows:

> I, _____, state: I am a duly qualified vote of the State of New York and am an enrolled voter of the Republican Party. I now reside at (residence address) _____. Each of the individuals whose names are subscribed to this petition sheet containing, (FILL IN NUMBER) ____ signatures, subscribed the same in my presence on the dates above indicated and identified himself or herself to be the individual who signed this sheet. I understand that this statement will be accepted for all purposes as the equivalent of an affidavit and, if it contains a material false statement, shall subject me to the same penalties as if I had been duly sworn. (See NYS Election Law § 6-132)

Petitioner submitted proof in affidavit form that Ms. Bussing signed the subject petition on behalf of her husband and did so outside the presence of the subscribing witness, the Respondent-Candidate. Mr. Mahan testified begrudgingly that he permitted Ms. Bussing to take the clipboard with the petition into her home, where he testified that she disappeared from view and had a conversation with a male figure, who was assumed to be Douglas Bussing, Ms. Bussing's husband. Then, Ms. Bussing returned to the door and handed Respondent-Candidate the petition on the clipboard containing both her and Mr. Bussing's signature.

"A court will invalidate a designating petition where the challenger establishes, by clear and convincing evidence, 'that the entire petition is permeated with fraud or that the candidate participated in, or can be charged with knowledge of, fraudulent activity.' *Mattice v. Hammond*, 131 AD3d 790 [3rd Dept. 2015], citing *Matter of VanSavage v. Jones*, 120 AD3d 887, 888 [3rd Dept. 2014]. Further, "[w]here a candidate is involved in the fraud, the challenger need not show that the fraud permeated the entire petition." *Mattice* at 790. In *Mattice*, the Third Department ruled that the candidate-subscribing witness signed the witness attestation that he personally witnessed each signature, when he did not, constituted fraud and that, regardless of the intent to deceive or defraud, all of the candidate-witness' petitions were required to be invalidated. In contrast, the *Jones* case involved a single instance where a petition was passed around at a pizza shop, while the candidate-witness was distracted talking to another patron. The Third Department in *Jones* found that the proof was lacking to show by clear and convincing evidence that the candidate-

Page 5 of 7

witness knowingly accepted fraudulent signatures and did not "warrant invalidating the entire designating petition." *Jones* at 888.

Here, the fact pattern presented mirrors *Mattice*, where the proof shows that the candidate-witness permitted a single signature to be applied to the petition outside of his presence and then swore that he personally witnessed such signature. While it seems harsh to invalidate an entire petition based on more than a thousand signatures due to one fraudulent one, "where a candidate's own knowledge or activities are at issue, candidates are held to a higher standard under the Election Law than noncandidates. Absent permeation with fraud, a designating petition may be invalidated where the candidate has participated in or is chargeable with knowledge of the fraud." *Matter of Felder v. Storobin*, 100 Ad3d 11 [2nd Dept. 2012], citing *Matter of Lavine v. Imbroto*, 98 AD3d 620 [2nd Dept. 2012]. Regardless of the intent to defraud, a single instance of fraud by a candidate is sufficient to invalidate a designating petition. *See, Matter of Burman v. Subedi*, 172 AD3d 1882 [3rd Dept. 2019]. Petitioner has shown by clear and convincing evidence, that Respondent-Candidate engaged in fraud, which requires that the designating petitions for Mahan for the public office of Saratoga County Sheriff as a candidate for the Republican Party must be invalidated.

Accordingly, the relief sought in Petitioner-Aggrieved Candidate Brown's petition to invalidate the designating petitions of Respondent-Candidate Mahan is granted and the Saratoga County Board of Elections shall be restrained from printing and placing the name Ryan Mahan on the Republican Party line on any official ballots

Page 6 of 7

of the primary and/or general election for the position of Saratoga County Sheriff. This shall constitute the Decision and Order of the Court. No costs are awarded to any party. The Court is hereby uploading the original Decision and Order into the NYSCEF system for filing and entry by the County Clerk. Petitioner's counsel is still responsible for serving notice of entry of this Decision and Order in accordance with the Local Protocols for Electronic Filing for Saratoga County.

Signed at Ballston Spa, New York
this 29th day of April, 2025

_____
Hon. James E. Walsh
Supreme Court Justice

**Papers reviewed and considered:**

Verified Petition, filed on April 15, 2025, with Attorney Verification, Emergency Affirmation and Exhibit A

Answer in a Special Proceeding on behalf of Respondent-Candidate, filed on April 23, 2025

Proof adduced at hearing conducted on April 25, 2025

Post-Hearing Memorandum on behalf of Respondent-Candidate McCoy of Joel E. Abelove, Esq., filed on April 27, 2025

Letter/Correspondence to Judge in further support of Respondent-Candidate McCoy of Joel E. Abelove, Esq., filed on April 28, 2025 with Exhibit

Post-Hearing Memorandum Affirmation on behalf of Petitioner-Aggrieved Candidate Brown of John J. Ciampoli, Esq., filed on April 28, 2025

[* 7]